John A. HUTTER et al., Plaintiffs,

v.

Don FREDERICKSON et al., Defendants.

No. 70–C–290.

United States District Court, E. D. Wisconsin.

Dec. 22, 1972.

John A. Hutter, Chicago, Ill., for plaintiffs.

Leasum, Kirkegaard, Pinkert, Smith & Koehn, by Sven V. Kirkegaard, Sturgeon Bay, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On July 20, 1970, the plaintiffs served and filed separate interrogatories directed to the individual defendants. One defendant answered some of the interrogatories and objected to others; the remaining defendants answered none and objected to the vast majority.

A briefing schedule was established as to the defendants' objections. Both sides submitted memoranda; however, the defendants' motion to dismiss the action was granted, 51 F.R.D. 519, prior to resolution of the interrogatories issue. On appeal to the United States court of appeals, that dismissal order was reversed, and the case was remanded with directions to permit the plaintiffs to file an amended complaint. Hutter v. Frederickson, No. 71–1181 (7th Cir., January 19, 1972). The plaintiffs filed a motion to compel answers to interrogatories and also an amended complaint. The defendants filed a motion to dismiss the amended complaint.

In a decision and order dated July 28, 1972, this court denied the defendants' motion to dismiss. The language of the decision of the court of appeals was quoted as a basis for my ruling that despite its rambling nature, extraneous statements and conclusory allegations, the amended complaint sufficiently asserted a claim for loss of business due to the defendants' allegedly false statements in disparagement of the plaintiffs' resort. A subsequent motion by the defendants resulted in the striking of other portions of the amended complaint. Thus, the scope of the plaintiffs' action has been significantly narrowed.

In light of the action taken by the court of appeals and the narrowed scope of the plaintiffs' action, the July 28th decision and order contained the following comments and directions with regard to the plaintiffs' motion to compel answers to interrogatories:

"The motion to compel answers to interrogatories was filed before the case was received on remand from the court of appeals. The motion does not describe the specific sets of interrogatories involved. The parties have not briefed the motion, and it is possible that developments in the action since the interrogatories were served over two years ago might warrant modifications thereof. I believe that the plaintiffs should serve and file a notice listing those specific sets of interrogatories for which answers are sought to be compelled. If the plaintiffs wish to substitute new or amended sets for any of those which the motion is intended to cover, they should be served and filed with or in lieu of the above-described notice. Upon being served with the notice or substituted sets of interrogatories, the defendants shall have 30 days to serve answers or objections thereto."

The plaintiffs' response to this language was a demand "that all the defendants answer all of the interrogatories that have been propounded to them,

without change." By letter of November 21, 1972, this court called attention to the wording of the July 28th order and asked the plaintiff John Hutter specifically to describe the sets of interrogatories for which answers are sought to be compelled, "such as by names of the parties and dates propounded." Mr. Hutter responded by letter on November 27, 1972, that he seeks answers to all interrogatories served on all defendants in July, 1970. Since the plaintiffs choose to pursue their interrogatories as originally submitted, the defendants stand by their original objections thereto and rely on the briefs filed before dismissal.

My review of the file discloses 32 sets of interrogatories; apparently each defendant is to answer one set. One hundred forty-three of the numbered interrogatories are common to each set. With subparts, these involve approximately 200 questions. Seven sets contain additional interrogatories, one with over 100 additional questions. Many of the questions are clearly improper. Some are entirely irrelevant, others are repetitive, and many are nothing more than statements, allegations and conclusions by the author, rather awkwardly cast in the form of questions. Some of the "questions" contain statements which possibly might be proper subjects of requests for admissions under Rule 36, Federal Rules of Civil Procedure, and others seek discovery of materials which may be proper subjects for production under Rule 34.

This is not to say that there are no acceptable questions propounded or that none of the information sought is proper. However, I do not believe that the defendants should be required to expend any more energy on these interrogatories as presented. Additionally, I do not believe it a proper utilization of the court's time to segregate those relatively few questions that are proper. The interests of justice would best be served by requiring the plaintiffs to submit new interrogatories. Cummings v. Bell Telephone Co. of Pennsylvania, 272 F. Supp. 9 (E.D.Pa.1967).

The defendants have urged that these interrogatories are merely part of a campaign by the plaintiffs to harass them. Without adopting such contention, I would nevertheless admonish the plaintiffs that if new interrogatories are submitted, they must be designed to elicit information properly discoverable by this method, questions must be tailored to the present scope of the amended complaint, and a good faith effort must be made to comply with Rule 33 in all respects.

Therefore, it is ordered that the plaintiffs' motion to compel answers to interrogatories be and hereby is denied.