**Fred B. COLLIER et al., Appellants,**

v.

**FIRST MICHIGAN COOPERATIVE HOUSING ASSOCIATION et al., Appellees.**

**No. 13908.**

United States Court of Appeals
Sixth Circuit.

Feb. 4, 1960.

Fred B. Collier, Detroit, Mich., for appellants.

Arthur H. Fribourg, Atty. F. H. A., Civil Division, Dept. of Justice, Washington D. C. (George Cochran Doub, Samuel D. Slade, Fred W. Kaess, U. S. Atty., Detroit, Mich. on the brief; John L. Owen, Detroit, Mich., Hutson, Merritt & Petermann, Royal Oak, Mich., Fildew, DeGree, Fleming & Gilbride, Detroit, Mich., Clarence L. Smith and Philip Pratt, Pontiac, Mich., of counsel), for appellees.

Before CECIL and WEICK, Circuit Judges and BROOKS, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court dismissing the amended cross-bill of complaint of appellants as to Federal Housing Administration (F. H.A.), for the reason that it violated Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The case originated in the Circuit Court of Oakland County, Michigan and was an action for accounting and equitable relief. In that action appellants, who were defendants therein, filed a cross-bill of complaint on June 13, 1952 which made F.H.A. and others additional parties defendant. F.H.A. removed the case to the District Court where, at various times, appellants amended their cross-bill. The amendments were as follows: Amended cross-bill of September 4, 1953, Count VIII of October 29, 1954, and amendment to cross-bill of April 24, 1956. It would be necessary to consider all four pleadings in order to arrive at what cross-plaintiffs were complaining of.

In 1954, six days were spent in the trial of the case on the merits. Subsequently, to-wit: on October 29, 1954, the pleading entitled Count VIII of cross-plaintiffs' Bill of Complaint was filed.[1]

---

1. Count VIII was filed at the suggestion of the trial judge who said: "The cross-defendants as a whole were charged by cross-plaintiffs with fraud, misrepresentation, deceit, falsification of records, conspiracy and failure to discharge certain statutory duties.

"Because the pleadings in this case were originally so complicated, confusing and cumbersome, particularly as to F. H. A., this Court requested cross-plaintiff Collier to set forth his claim, more specifically, in writing, which he did in a typewritten statement marked 'Count

The trial was resumed for another eight days commencing October 13, 1955 and resulted in a final order dismissing the cross-bill against F.H.A. Appellant filed a notice of appeal and, while this was pending, a motion for a new trial. The appeal was dismissed on appellants' motion and on the same day the District Court granted appellants' motion for a new trial. Following this, namely, on April 24, 1956, appellants filed another pleading entitled "Cross Plaintiffs Amendment to Cross-Bill of Complaint."

F.H.A. filed a motion to dismiss on the ground that the cross-bill, as amended, did not state a claim upon which relief could be granted and that F.H.A. was not a proper party defendant. Another judge hearing that motion suggested the filing of a motion to dismiss for violation of Rule 8(a) as the claims appeared to be confused. This motion was filed and granted.

The cross-bill of complaint and its various amendments appear to be prolix and muddled. Separate claims of the several cross-plaintiffs against the several defendants were jumbled in the single cross-bill. It was difficult for the District Judge to ascertain just what appellants' claims were and they seemed to vary with each amendment.[2] Part of the cross-bill attempted to assert claims existing in favor of the original plaintiff Michigan Cooperative Housing Corporation.

In our judgment, the type of pleading resorted to here did not conform to Rule 8(a) of the Federal Rules of Civil Procedure which provides that a pleading "shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *."

The pleading was neither short nor plain.

It follows that the District Court committed no error in dismissing the cross-bill, as amended, and the judgment below must be affirmed.

---

VIII of Cross-Plaintiffs' Cross Bill of Complaint.' This statement was not accepted as a regular count or pleading but as a statement of cross-plaintiff's position." Even after Count VIII had been filed the Judge said "it has been most difficult to always understand what

those issues were or what particular issue the alleged testimony was aimed at."

2. The amendment of April 24, 1956, among other things, set forth claims in the nature of quasi-contract for unjust enrichment, as distinguished from the earlier claims of fraud and conspiracy.