Jules **BENNER** et al.

v.

The **PHILADELPHIA MUSICAL SOCIETY, LOCAL 77, OF the AMERICAN FEDERATION OF MUSICIANS,** American Federation of Musicians, Charles **Musumeci** as President of Local 77, A. A. Tomei as Secretary of Local 77, Don **Diogenia** as Treasurer of Local 77, and Herman **Kenin** as President of the American Federation of Musicians.

Civ. A. No. 30732.

United States District Court
E. D. Pennsylvania.

Feb. 7, 1963.

Irvin J. Kopf, Philadelphia, Pa., Godfrey P. Schmidt, New York City, for plaintiffs.

Bernard N. Katz, Philadelphia, Pa., Henry Kaiser, George Kaufmann, Ronald Rosenberg, Van Arkel & Kaiser, Washington, D. C., for defendants.

JOSEPH S. LORD, III, District Judge.

In my previous opinion in this case [1] (Associated Orchestra Leaders of Greater Philadelphia v. Philadelphia Musical Society, Local 77, of the American Federation of Musicians, D.C., 203 F.Supp. 755) I said, at pages 756 and 758:

"The complaint in this case approaches the incredible. It contains four counts and 98 paragraphs. Many of the paragraphs in one count are incorporated by reference in one or more of the other counts, so that analysis of the complaint demands painstaking re-shuffling of its 36 pages. It is indeed a veritable compendium of prolixity.

\* \* \* \* \* \*

"We note here that one of defendants' grounds for dismissal is that the complaint is not a 'simple, concise, and direct' statement of the *facts:* F.R.Civ.P. 8(e) (1). We thoroughly agree with defendants' position in this regard, although the action we have taken makes it unnecessary to decide the point. Suffice it to say, that if the complaint is amended, we trust we will need not again consider this ground. \* \* \*" (Emphasis, the court's.)

Plaintiffs have now filed an amended complaint. I have performed the agonizing task of reading its 26 pages and 86 paragraphs only to find that it is, to all intents and purposes, a duplication of the previous complaint. As I previously indicated with respect to its almost identical twin, it fails utterly to comply with F.R.Civ.P. 8(a) and (e) which provide:

"(a) Claims for Relief. A pleading which sets forth a claim for relief, \* \* \* shall contain \* \* \* a short and plain statement of the claim showing that the pleader is entitled to relief, \* \* \*."

"(e) Pleading To Be Concise and Direct; Consistency.

"(1) Each averment of a pleading shall be simple, concise, and direct.
\* \* \* \*"

I have no intention of swelling the present cascade of legal literature by quoting at length the prolix, argumentative and conclusionary paragraphs of the complaint, the paragraphs which plead evidence, and the paragraphs which do not even allege facts. One example will suffice,—paragraph 44:

"Plaintiffs assert, and ask this Court to vindicate, their right to conduct their business upon the basis of free competition and without the predatory conduct and restraint of trade inherent in the unilateral imposition by the Executive Board of Local 77 of *prices*, wages and *minimums;* and plaintiffs assert this right even against the labor union which represents their employees as long as that labor union refuses to exercise the basic function of a labor union, namely, collective bargaining, and as long as that union collaborates with employer orchestra-leaders (who comply with the unlawful union rules and practices aforesaid) in fixing the prices or minimum prices of musical services and as long as, defendants engaged [sic] in the predatory acts described in this Complaint."

It would be impossible for any defendant to answer intelligently such paragraphs as this. Paragraphs 49 and 57 are in the same category. Paragraphs 13, 38, 39, 40, 43, 53, 57, 63, 66, 68 and 83 are both argumentative and contain several allegations in one paragraph. Count IV incorporates by reference a total of 44 previously alleged paragraphs, and then contains 22 paragraphs of its own,—a total of 66 paragraphs to state one count. Paragraph 66, even after repeated reading, makes no sense at all.

1. I held that the complaint was improperly laid as a class action and granted plaintiffs leave to amend to state individual causes of action.

What was said by Judge Follmer in Gutmann & Co., Inc. v. Rohrer Knitting Mills, Inc., et al., 9 F.R.D. 67, 68 (E.D. Pa., 1949) is peculiarly appropriate here:

"As to the entire complaint, its prolixity and involved and repetitious verbiage are such that no purpose would be served by attempting to select portions to be stricken. It is such a gross and injustifiable violation of the requirements of Rule 8 (a and e) of the Federal Rules of Civil Procedure that the motion of defendants to strike the complaint is granted, with leave, however, to the plaintiff to serve an amended complaint within twenty days from the date of the service of this Order. * * *"

In Maddox v. Shroyer, et al., 112 U.S. App.D.C. 318, 302 F.2d 903 (1962), the court said, at page 904:

"While dismissal for failure to comply with the Rules is a seemingly severe sanction, nevertheless we think that the court in this case was amply justified in the action which it took, particularly in view of the flagrant refusal of appellant to follow the sound and proper directions of the District Court. * * *"

■ It is probably true that I previously gave no "direction," but there can be no doubt that I gave a strong hint which plaintiffs chose not to accept. I think I would be justified in following Maddox, but I have determined to follow the tolerant example of Judge Follmer and grant plaintiffs twenty days to amend. I regret the necessity of delaying the disposition of this matter on the merits by attention to matters of pleading. However, the complaint is such an egregious violation of F.R.Civ.P. 8 that the Rule would be robbed of all content were it not invoked here.

■ One other matter remains. There are in this complaint some 12 ad-ditional plaintiffs who have appeared without complying with F.R.Civ.P. 24 (c) governing intervention. In all fairness, this may be due to a misapprehension of the intent of what I said in my previous opinion (203 F.Supp. at p. 758):

" * * * Leave will be given to amend to allege individual claims on behalf of the named plaintiffs and others who desire to join and who are named in the amended complaint. * * *"

I did not mean to imply that parties could be added at will without compliance with the Rules. However, it seems clear that the added plaintiffs are in a position precisely similar to that of the original plaintiffs, and that leave to intervene would have been granted if sought. For this reason, I will permit them to remain.

### ORDER

AND NOW, February 7, 1963, it is ordered that plaintiffs are given leave to file an amended complaint within twenty (20) days from the date hereof; otherwise, defendants may · submit an order for dismissal of the action.