**Patrick J. CORCORAN, Appellant,**

v.

**Mayor Samuel W. YORTY et al., Appellees.**

**No. 19635.**

United States Court of Appeals Ninth Circuit.

June 18, 1965.

Rehearing Denied Aug. 5, 1965.

Patrick J. Corcoran, in pro. per.

Roger Arnebergh, City Atty., Bourke Jones, Asst. City Atty., Wm. B. Burge, Deputy City Atty., Los Angeles, Cal., for appellees.

Samuel W. Yorty, in pro. per.

Before BARNES, HAMLIN and ELY, Circuit Judges.

PER CURIAM:

This appeal has been taken from a district court order dismissing appellant's complaint on four separate grounds, namely:

"(1) That the Second Amended Complaint fails to state a claim upon which relief can be granted.

"(2) That the Defendants are immune from Civil Suit under the Civil Rights Act.

"(3) That the Second Amended Complaint is barred by the applicable Statute of Limitations, Section 338(1) of the California Code of Civil Procedure.

"(4) There is no short, plain statement showing that Plaintiff is entitled to relief as required by Federal Rule 8." (Cl.Tr. 661–62.)

Each of the grounds urged by the district court as justification for its dismissal is supported by the record before us.

Mr. Corcoran's quest for relief from the City of Los Angeles and its officers and employees has now extended over the period of a full decade. In 1954, Corcoran filed an action in the Superior Court of the State of California to annul certain Civil Service Commission pro-

ceedings which had removed him from his position as a steam engineer with the City of Los Angeles. From then until September of 1957, Corcoran plagued the state courts with attempts to perfect his right to relief. In each instance the courts gave appellant leave to correct his procedural defects, and in each instance the courts ultimately dismissed appellant's claim.

In January of 1956, Corcoran filed a second action, this time for damages in the amount of $719,500. The history of this litigation, similar to that described above, reveals the great burden placed on the state courts by appellant's series of complaints and petitions. This action was finally terminated against appellant on January 24, 1958.

Having obtained no relief from the state courts, Corcoran then turned his attention and efforts to the federal courts. He filed an action in 1958 for an alleged violation of his Civil Rights. His complaint objected to his being denied his steam engineers license, although he admits that the license had been given to him and that he now possesses same. The complaint was dismissed by the district court, and we dismissed his appeal because it failed to comply with the appropriate time limitations.

■ The present Second Amended Complaint (Tr. pp. 587–657) apparently alleges fraud and conspiracy in violation of civil rights. We use the word "apparently" because the complaint, though a Second Amended Complaint, is so verbose, confused and redundant that its true substance, if any, is well disguised. On August 3, 1954, the Honorable Jesse W. Curtis dismissed this Second Amended Complaint without leave to amend. It is from that order that appellant seeks to invoke our jurisdiction.

Appellant's complaint clearly violates Rule 8 of the Federal Rules of Civil Procedure which requires:

> "(a) a short and plain statement of the claim showing that the pleader is entitled to relief * * *."

We recently upheld the dismissal of a complaint on this ground where the complaint was no more confusing than that in the present case. Agnew v. Moody, 9 Cir., 330 F.2d 868 (1964). What we stated in that case is appropriate in the present setting, and we adhere to the position taken there.

■ We do not feel it necessary to dwell at length on the additional alternative grounds relied upon by the district court for its order dismissing appellant's complaint. We deem it sufficient to state generally our concurrence with the district court's position (a) with respect to the preclusive effect of the statute of limitations and (b) with respect to the failure of the second amended complaint to state a cause of action. The position taken by this court in Agnew v. Moody, supra, and the statements herein made demonstrate the appropriateness of the district court's holding and sustain the district court's dismissal.

Affirmed.

Appellant's post-hearing motion to file an additional brief is denied.