UNITED STATES of America ex rel. James A. HOLLAND, C-5201, John Meekins, H-2530, Leon Hooks, R-0630, George Parker, C-8610 and Rayford Holden, C-8708, Plaintiffs, Pro Se, State Correctional Institution at Pittsburgh, Pennsylvania

v.

James F. MARONEY et al., Norbert T. Welch, Deputy Superintendent, Peter S. Mangone, Athletic Director, Mitchell Klim, Nurse Instructor, Lieutenant Charles J. Kozakiewicz, Defendants, State Correctional Institution at Pittsburgh, Pennsylvania.

Civ. A. 69-442.

United States District Court
W. D. Pennsylvania.
April 15, 1969.

OPINION

GOURLEY, Chief Judge.

This matter is presented to the Court through the United States mail by inmates of a State penal institution within the jurisdiction of the Court. It is designated as a Petition for Declaratory Judgment and Writ of Injunction and Damages and is, for all practical intents and purposes, a class action. It is directed against the Superintendent, Deputy Superintendent, the Athletic Director, Nurse Instructor and a Lieutenant of the guards, all at the prison where the petitioners are incarcerated.

The action is presented to the Court by four inmates who claim they have been denied rights under the Constitution of the United States and are being persecuted due to the fact that they are of the black race. The Petition is comprised of nineteen, handwritten pages which are most difficult to evaluate and understand. It asks for leave to proceed in forma pauperis, appointment of legal counsel and the issuance of an injunction and money damages.

The penal inmates as a group request the following relief:

(a) that the Court declare the defendants guilty of racial persecution;

(b) that the Court restrain the defendants from further persecution of the plaintiffs and from denying them their Constitutional rights;

(c) that the Court restrain the defendants from isolating the plaintiffs and restore them to the general institutional population;

(d) that the Court direct that the plaintiffs have the same rights as the other inmates;

(e) that damages be awarded in the amount of $2,500,000.

A most careful reading, evaluation and study of the detailed and evidentiary allegations reveals the following: that the plaintiffs are of the black race and that the defendants who are of the white race harass, intimidate and deny their request for racial equality, subject them to mental and physical barbaric torture, deny them freedom of speech, peaceful assembly, engage in unreasonable seizures, subject them to slavery, deny them equal protection of the laws, do not give them the same privileges that are given white persons; that they cannot purchase and hold real and personal property as white citizens; that punishment has been imposed without cause or justification; that they are kept in dirty cells that are infested with rats; denied meals and proper foods; not allowed to communicate with an attorney or their families; denied the right to exercise and doing or not doing everything and anything that comes to their fertile minds that it is believed might lay a basis for a complaint against the supervisory heads of a State penal institution.

■ The complaint openly and flagrantly violates Rule 8(a) of the Federal Rules of Civil Procedure. 28 U.S.C.A. Rule 8(a). It is not a short and plain statement of the case. It is an extended, detailed, evidentiary review of apparently everything that each of the plaintiffs has experienced since being penal inmates of the State penitentiary where they are incarcerated.

If the allegations in whole or in part are true, the matters set forth in the complaint would be evidence recited in perplexing and disjointed detail in which many of the things complained of necessarily were the result of the plaintiffs' endeavoring to rule with no respect for law and order. Unquestionably, difficulty has been experienced at the penal institution among the members of the black race and considerable trouble has been caused by James A. Holland, one of the plaintiffs, who admits in the complaint that he broke out of the exercising area and climbed to the top of a chimney in the boiler house where he remained for some period of time, and, in reality, made a sorry spectacle of himself. It is well understood why some sort of stringent and severe punishment had to be meted out to the offenders.

■ For the information of the plaintiffs, no cause of action is stated under the Civil Rights Act or the Eighth and Fourteenth Amendments in matters of the nature set forth in the complaint. Ford v. The Board of Managers of the New Jersey State Prison et al., 1969, 3rd Cir., 407 F.2d 937. Discipline reasonably maintained in the State prison is not under the supervisory direction of the federal courts. There is nothing in the circumstances related to indicate any reasonable basis for interference with the State authority, even though appellants' claim is under the guise of violation of his Constitutional rights. Solitary confinement in and of itself does not violate Eighth Amendment prohibitions, and the temporary inconveniences and discomforts incident thereto cannot be regarded as a basis for judicial relief.

Under the circumstances a class action under the laws of the United States is improper and no relief of any nature can be granted on the basis of the complaint submitted to the Court.

And now, this 15th day of April, 1969, the Clerk of Court is directed to file the proceeding under the Civil Rights Stat-

**264**

utes of the United States in forma pauperis, and also the Petition for Declaratory Judgment and for Injunctive Relief. The summons is stayed as to each cause of action and the claims for relief in each instance are denied. The motion for appointment of legal counsel is refused.

A copy of the Opinion and Order of the Court is to be sent by the Clerk of Court to each of the plaintiffs and defendants and to the President Judge of the Consolidated Courts of Allegheny County, Pennsylvania.