John A. HUTTER, Clara N. Hutter, Hutter Northern Trust, Plaintiffs,

v.

Ben C. SCHRAML, Chairman, County Board, Door County (or successor), John Tanck, Assessor Egg Harbor Town, Milton Haen, Member, County Board, Chairman, Town of Egg Harbor, Arthur Peterson, Jr., Ed Bavry, Tilden Gabert and L. Volkman, Defendants.

John A. HUTTER, Clara N. Hutter, Hutter Northern Trust, Plaintiffs,

v.

Ben C. SCHRAML, Chairman, County Board, Door County (or successor), Door County, Wisconsin, et al., Defendants.

John A. HUTTER, Clara N. Hutter, Hutter Northern Trust, Plaintiffs,

v.

Don FREDERICKSON et al., Defendants.

Nos. 70-C-251, 70-C-252, 70-C-290.

United States District Court,
E. D. Wisconsin.

Dec. 1, 1970.

---

John A. Hutter, pro se.

Sven V. Kirkegaard, Sturgeon Bay, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Motions to dismiss the complaints in each of these three cases are now before the court.

The complaint in 70–C–290 contains 49 paragraphs, and the court will not attempt to delineate the various allegations contained therein. Generally speaking, the complaint contains a mélange of charges that the defendants, as representatives of the local chamber of commerce, engaged in boycott, slander, libel, harassment, unfair competition, and injury to reputation with reference to the plaintiffs. This complaint also contains charges regarding the allegedly illegal assessment of the plaintiffs' real estate in Door county; that tax assessment was the subject of an earlier complaint by these plaintiffs in this court (no. 68–C–364), and the court ordered the action dismissed on April 24, 1969. The latter dismissal was affirmed by the court of appeals for the seventh circuit in an unpublished opinion (no. 17662), decided November 13, 1969. On April 27, 1970, the United States Supreme Court denied certiorari. See Hutter Northern Trust v. Haen, 397 U.S. 1062, 90 S.Ct. 1498, 25 L.Ed.2d 684 (1970).

The plaintiffs' claim regarding discriminatory real estate assessments was also considered by Judge John W. Reynolds in another action commenced by these plaintiffs in this court (no. 69–C–593); the complaint in that case was dismissed by Judge Reynolds on September 2, 1970.

In case no. 70–C–251, now pending before this court, the complaint sets forth a medley of allegations charging that the defendants, as town officials, threatened and insulted the plaintiffs; it also contains allegations of discriminatory assessments on real estate similar to those referred to in all the cases described above.

In case 70–C–252, also now pending before this court, the plaintiffs charge that the town officers engaged in acts of "harassment, libel, slander, and abuse of conspiracy" [sic, complaint ¶10] and prevented the plaintiffs from engaging in business in Wisconsin; it is also claimed that the defendants fraudulently

increased the plaintiffs' real estate assessment, a claim similar to the one that has been referred to in the complaints discussed above.

The plaintiffs have appeared by their attorney, John A. Hutter, who is one of the plaintiffs. Since Mr. Hutter has not been admitted to practice in this court, there may be a question as to his right to appear on behalf of Clara N. Hutter and Hutter Northern Trust.

Even though the complaints are entitled to favorable interpretation under Rule 8(f), Federal Rules of Civil Procedure, they fall far below the short and plain statements of the claims required under Rule 8(a). Since Mr. Hutter is an attorney, he may properly be held to a slightly higher standard than a layman. Kelly v. Butler County Board of Commissioners, 399 F.2d 133, 135 (3rd Cir. 1968); Weaver v. Pate, 390 F.2d 145 (7th Cir. 1968); Eaton v. Bibb, 217 F.2d 446 (7th Cir. 1954); Hartman Electrical Manufacturing Co. v. Prime Manufacturing Co., 9 F.R.D. 510 (E.D.Wis.1949). Cf. Picking v. Pennsylvania R. Co., 151 F.2d 240, 242 (3rd Cir. 1945). However, it is my opinion that these complaints must fail even if granted the full protection generally afforded to pro se complaints.

In addition, it is noted that these complaints are successors to those in the previous actions which have failed to comply with Rule 8(a), and, instead, they have now commingled a hodgepodge of allegations purporting to allege deprivation of civil rights, breach of contract, illegal taxation, defamation and other claimed wrongs.

Many of the assertions of the complaints are set forth in the passive voice, without any recitation of the date or the place of the transaction. A large number of the allegations of the complaints are conclusory; when evidentiary matter is asserted, it is generally vague and argumentative.

In my opinion, it would be unjust to require the defendants in these three cases to attempt to answer the complaints which have been filed. Not only do they violate Rule 8(a), but they are so unclear and non-specific that motions to rectify the flaws in the complaint would be excessively burdensome. The plaintiffs' pleadings in these cases are like those described in Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965), where the court referred to the complaint as "verbose, confused and redundant".

With reference to the allegations of an improper tax assessment, the court adopts herein by reference its opinion of April 24, 1969 in case 68–C–364.

With reference to those allegations in the complaints which allege a denial of equal protection of the laws, I find that the plaintiffs' conclusory assertions are insufficient to state a cause of action. In Borchlewicz v. Partipilo, 44 F.R.D. 540, 542 (E.D.Wis.1968), this court stated:

> "A civil rights complaint requires factual allegations, not conclusions or broad generalizations. Negrich v. Hohn, 379 F.2d 213 (3d Cir. 1967); Birnbaum v. Trussell, 347 F.2d 86 (2d Cir. 1965)."

Another civil rights case in which an analogous ruling was made is Rodes v. Municipal Authority, 409 F.2d 16, 17 (3rd Cir. 1969), cert. denied, 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 114 (1969), rehearing denied, 396 U.S. 950, 90 S.Ct. 377, 24 L.Ed.2d 256 (1969), where the court held:

> "A plaintiff is required to set forth alleged misconduct and resultant harms in a way which will permit an informed ruling whether the wrong complained of is of federal cognizance. Mere conclusionary allegations that unspecified constitutional rights have been infringed will not suffice."

After careful attention to the three complaints now before the court, I am persuaded that they fail to state a cause of action upon which relief could

**522**

be granted and must be dismissed. Considering both the past and current lawsuits, it is my holding that dismissal without leave to amend must be ordered since these plaintiffs have already had numerous opportunities to assert their claims.

Now, therefore, it is ordered that the plaintiffs' complaints and actions in cases 70–C–251, 70–C–252 and 70–C–290 be and hereby are dismissed without leave to amend.