**Marvin ECHOLS, Plaintiff,**

v.

**Francis E. VOISINE et al, Defendants.**

**Civ. A. No. 78–10165.**

United States District Court,
E. D. Michigan, N. D.

Jan. 5, 1981.

Marvin Echols, plaintiff pro se.

Henry J. Sefcovic, Bay County Civil Counsel, Bay City, Mich., for defendant Francis F. Voisine.

Joseph F. Regnier, Detroit, Mich., for defendants Brian J. McMahon and the Michigan Judicial Tenure Commission.

William J. Mullaney, Asst. Atty. Gen., Detroit, Mich., for defendants Harold Hoag, Einar Bohlin, Ronald L. Dzierbicki, Lawrence Sauter, William J. McBrearty, Morris W. B. Cohn, Frank J. Kelley, Michael Lockman and Martin Vittands.

Gary G. Kress, Asst. Atty. Gen., Detroit, Mich., for defendants Max Ashworth, Timothy J. Ruby, Clifford Rosenberg, George LaPlata and the Michigan Civil Rights Commission.

William C. Potter, Jr., Detroit, Mich., for defendant Dow Chemical Co.

## MEMORANDUM OPINION AND ORDER

HARVEY, District Judge.

This is an action in which plaintiff, in pro per, vaguely alleges on-going violations of his civil rights, apparently in the form of an ever widening conspiracy to discriminate against him on the basis of race and to deny him his rights to due process. Defendants are numerous judicial and executive officers of the State of Michigan, several local attorneys and law firms, the Dow Chemical Company and certain of its employees, and other private persons. The Court uses the term "apparently" to reflect a fundamental problem which the Court, and virtually every defendant, have had with this case: attempting to comprehend the specific nature of the wrongs plaintiff alleges he has suffered.

The matter is presently before the Court on the following outstanding motions:

    I.) By defendant Francis E. Voisine, for summary judgment;

    II.) By defendant Michigan Civil Rights Commissioners, to dismiss or, in the alternative, for a more definite statement;

    III.) By defendants Dow Chemical and Wesley C. Timm, to dismiss under FR Civ P 37(b)(c);

    IV.) By defendants Dow Chemical and Wesley C. Timm, for summary judgment;

    V.) By plaintiff, to reconsider the Court's Opinion and Order of August 6, 1980;

    VI.) By plaintiff, for leave to file a third amended complaint; and

    VII.) By plaintiff, for an extension of time to answer defendant Dow Chemical and Wesley C. Timm's motion for summary judgment.

After yet another painstaking review of the voluminous and confusing file in this matter, the Court has decided that it can no longer be patient with the plaintiff in the face of his recurring noncompliance with the letter and spirit of the Federal Rules of Civil Procedure. Accordingly, rather than address each of the foregoing motions,[1] the Court has decided to invoke the provisions of Civil Rules 8(a)(2), 12(b)(6) and 41(b) and dismiss plaintiff's complaint. *Shakespeare v. Wilson*, 40 F.R.D. 500 (SD Cal, 1966).

■ The Court is aware of its obligation to liberally construe the pleadings of a pro per litigant in a civil rights action, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and of the mandate of F.R.Civ.P. 8(f) that "all pleadings shall be so construed as to do substantial justice." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). From the outset, this Court has afforded the plaintiff considerable leeway in its interpretation of pleadings, in extending time limits, and generally in deciding that certain other procedural requirements had been satisfied.

One such example of the Court's patience was the grant of plaintiff's Motion for Relief from Judgment in its Order of November 29, 1979. On June 20, 1979, the Court directed plaintiff to file a more definite statement of his cause of action within twenty days, having found his original complaint "so vague and ambiguous as to preclude defending parties from reasonably framing responsive pleadings to it." When nearly sixty days elapsed without compliance with this order or receipt of any request for an extension of time, the Court dismissed the action. The Court reconsidered and vacated the dismissal. In its November 29, 1979 Opinion, the Court noted that:

---

1. Five of the seven outstanding motions have as their thrust the unintelligible nature of plaintiff's various pleadings.

The Court prefers, if possible, that claims be resolved on their merits and not defeated by procedural technicalities. In exercising its discretion under F.R.Civ.P. 60(b), the Court is to be guided by equitable principles. Wright & Miller, *Federal Practice and Procedure*, Vol. II, Section 2857 p. 158 (1973). In this instance, the Court finds that equity favors the plaintiff since defendants will suffer no injustice from an opening of the judgment to allow resolution of the claims on the merits and the statute of limitations may well preclude plaintiff from commencing the action anew in this Court.

Despite resurrecting this action and allowing plaintiff to continue his efforts to make out a claim upon which relief could be granted, the Court is becoming increasingly mindful of the burdens placed upon the numerous defendants herein in having to respond to plaintiff's nearly incomprehensible and frivolous claims. Latitude and restraint with an initial failure to satisfy F.R. Civ.P. 8(a)(2) is one thing, repeated failures in this regard is quite another.

Rule 8(a)(2) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) requires that "each averment of a pleading shall be simple, concise and direct." Plaintiff's original complaint ran forty-five pages in length and, as previously noted, the Court found it "so vague and ambiguous as to preclude defending parties from reasonably framing responsive pleadings to it." *See American Civil Liberties Union v. City of Chicago*, 431 F.Supp. 25 (N.D.Ill., 1976).

In the same opinion of June 20, 1979 in which the Court reached the above conclusion, it carefully directed plaintiff to Rule 8(a) and its requirements. On September 4, 1979 plaintiff filed an amended complaint running fourteen pages with twenty-four pages of attachments. While the Court, in its November 29, 1979 opinion reviving the action, noted that the amended complaint "*more nearly* approaches the requirements of F.R.Civ.P. 8(a)" (emphasis added), it still found this document verbose, confusing and certainly not "simple, concise and direct." [2] Since that time, plaintiff has continued to file motions and answers couched in a confusing layman's attempt to sound like a lawyer. These pleadings uniformly contain a series of legal conclusions, compound quotations from assorted cases, unexplained attached exhibits, and only vague reference to relevant dates, times and facts.

The Court recognizes the immense burden placed upon a pro per plaintiff in bringing an action such as this, at the same time, however, it cannot lose sight of the fact that the primary purpose of procedural rules is "to promote the ends of justice." *Hormel v. Helvering*, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941). Justice is not served when numerous defendants are made to respond to unintelligible pleadings in an action upon which, even when construed liberally, the Court can readily determine that plaintiff's chances for success are slight. *Boston v. Stanton*, 450 F.Supp. 1049, 1053–1054 (WD Mo, 1978).

The present action, in plaintiff's eyes, involves an ever widening conspiracy to deprive him of his civil rights. A very similar case was present in *Shakespeare v. Wilson*, 40 F.R.D. 500 (SD Cal, 1966) wherein District Judge Irving Hill began his opinion as follows:

"This action, filed in pro per, is a typical example of the kind of action being filed with increasing frequency under the provisions of the Civil Rights Act of 1871, 42

---

2. Evidence of the Court's continued difficulty with plaintiff's amended complaint is reflected in statements from its earlier opinions in this matter:

"The Court acknowledges that the amended complaint is confusing." (Opinion of April 4, 1980 at page 1.)

"The Court notes . . . that it finds the amended complaint filed in September of 1979 to be quite confusing." (Opinion of August 6, 1980 at page 2.)

"The Court frankly admits that it finds the portion of the amended complaint relating to these defendants to be nearly incomprehensible and that it is sorely tempted to dismiss these claims for failure to conform with F.R. Civ.P. 8(a)." (Opinion of August 6, 1980 at page 6.)

USC 1981–1986. Having been defeated in state court proceedings and being unhappy and somewhat humiliated and frustrated by the results of such proceedings, these persons lash out at judges, attorneys, witnesses, court functionaries, newspapers and anyone else in convenient range, terming all of them corruptly evil and charging them with perjury and conspiracy in a last desperate effort to re-litigate the issues on which they have once lost and hoping to secure sizeable damages to boot."

The Court finds merit in these words and, because of its factual similarity to this case, believes other portions of Judge Hill's opinion warrant quotation at length. His description of the plaintiff's pleadings in that case, and application of the law thereto, would serve as an apt description of plaintiff's pleadings in this action:

"After repeated chances to clarify her pleading, plaintiff has still not shown what overt act or acts each defendant has committed either under color of law (42 USC 1983) or in furtherance of the alleged conspiracy (42 USC 1985(3)). Her whole pleading is a mixture of conclusions of law, evidentiary statements, irrelevant pejoratives, conjecture and random remarks which defy rational understanding and comprehension.

It appears evident that the adjectives used to describe complaints in other cases, as grounds for dismissal for violations of Rule 8, are equally apt here. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965), cert. denied 382 U.S. 966, 86 S.Ct. 458, 15 L.Ed.2d 370 (1965) (verbose, confused and redundant); *Collier v. First Michigan Cooperative Housing Ass'n*, 274 F.2d 467, 469 (6th Cir. 1960) (prolix and muddled); *Benner v. Philadelphia Musical Society, Local 77, A. F. of M*, 32 F.R.D. 197, 198 (E.D.Pa.1963) (prolix, argumentative and conclusionary); *Martin v. Hunt*, 28 F.R.D. 35–36 (D.Mass.1961) (argumentative, redundant and verbose); *Mottaghi-Iravani v. International Commodities Corp.*, 20 F.R.D. 37 (S.D.N.Y.1956) (disparate and unrelated allegations); cf. also *Carrigan v. California State Legislature*, 263 F.2d

560 (9th Cir. 1959), cert. denied 359 U.S. 980, 79 S.Ct. 901, 3 L.Ed.2d 929 (1959).

*Id.* at 503. Judge Hill's conclusions, which this Court adopts, were as follows:

"Therefore, I hold that Plaintiff's Second Amended Complaint should be dismissed for violation of the Rule 8 requirements of brevity, clarity, simplicity and succinctness in pleading. Vague, imprecise allegations such as those set forth in the pleadings herein, do not give fair notice of plaintiff's claims, nor are the elements of claims which might be set out under the Civil Rights Act, 42 U.S.C. 1981 et seq., set forth plainly and succinctly. Defendants should not be required to respond to such a pleading either by motion or answer where the requirements of Rule 8 are so flagrantly violated."

*Id.* at 503–504.

"The Court, under such circumstances, is not required to wait for motions of dismissal before dismissing the action with prejudice. There is ample authority for this type of dismissal under Rule 41(b). See *Agnew v. Moody*, 330 F.2d 868 (9th Cir. 1964), cert. denied 379 U.S. 867, 85 S.Ct. 137, 13 L.Ed.2d 70 (1964); *Maddox v. Shroyer*, 112 U.S.App.D.C. 318, 302 F.2d 903 (1962), cert. denied 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64 (1962); *Martin v. Hunt*, 29 F.R.D. 14 (D.Mass.1961); *Blake v. DeVilbiss Co.*, 118 F.2d 346 (6th Cir. 1941); 5 Moore's Federal Practice 41.-11[2], pp. 1115–1118; cf. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–636, 82 S.Ct. 1386 [1388–1391], 8 L.Ed.2d 734 (1962)."

*Id.* at 506.

The Sixth Circuit, in *Place v. Shepherd*, 446 F.2d 1239, 1244 (CA 6, 1971), cited and endorsed the holding in *Shakespeare v. Wilson, supra*, when it concluded that "a pleading will not be sufficient to state a cause of action under the civil rights act if its allegations are but conclusions." Earlier decisions also demonstrate our appellate court's long-standing adherence to an even-handed interpretation of Rules 8(a) and 41(b). . See e. g. *Car-Two, Inc. v. City of Dayton*, 357 F.2d 921 (CA 6, 1966), *Collier v. First Michi-*

*gan Cooperative Housing Assoc.*, 274 F.2d 467 (CA 6, 1960); *Blake v. DeVilbiss Co.*, 118 F.2d 346 (CA 6, 1941).

In *DeWitt v. Pail*, 366 F.2d 682, 685 n. 1 (CA 9, 1966) the Ninth Circuit held that "where a plaintiff persists in violating Rule 8(a)(2), *after being given an opportunity to replead*, dismissal may be proper." (emphasis added) Numerous other cases support a similar conclusion as to dismissal under Rules 8(a)(2), 12(b)(6) and 41(b). *Koll v. Wayzata State Bank*, 397 F.2d 124, 126–127 (CA 8, 1968); *Corcoran v. Yorty*, 347 F.2d 222, 223 (CA 9, 1965), *cert. denied* 382 U.S. 966, 86 S.Ct. 458, 15 L.Ed.2d 370 (1964); *Agnew v. Moody*, 330 F.2d 868, 870–71 (CA 9, 1964); *Brainerd v. Potratz*, 421 F.Supp. 836, 839 (ND Ill, 1976), *affirmed*, 566 F.2d 1177 (CA 8, 1977); *Burton v. Peartree*, 326 F.Supp. 755, 759 (ED Pa, 1971); *Friedman v. Younger*, 46 F.R.D. 444, 446–447 (CD Cal, 1969); *United States ex rel. Holland v. Maroney*, 299 F.Supp. 262, 263 (WD Cal, 1969); *Jemzura v. Belden*, 281 F.Supp. 200, 204 (ND NY, 1968).

Based on the foregoing authority, the Court, in its discretion, *Renshaw v. Renshaw*, 153 F.2d 310 (CA DC, 1946), finds the plaintiff has repeatedly failed to comply with the provisions of F.R.Civ.P. 8(a). The effect of such non-compliance is that plaintiff has failed to state a claim upon which relief can be granted.

Furthermore, as a matter of policy, the Court believes that a dismissal on the merits is proper in a case such as this for two reasons: first, to deter frivolous claims couched as civil rights violations, *Slotnick v. Stavisky*, 560 F.2d 31, 33 (CA 1, 1977), *cert. denied* 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1977), especially when such are allegations of a giant conspiracy resting only upon conclusory statements, *Ellingburg v. King*, 490 F.2d 1270, 1271 (CA 8, 1974); and second, to avoid attempts to have federal courts retry civil rights issues once put to rest by the State courts. In this regard, the rationale of *Shakespeare v. Wil-*

*son*, 40 F.R.D. 500, 504 (SD Cal, 1966) is again relevant:

"In a case such as this where disappointed litigants in the state courts seek to bring dozens of defendants into the federal courts solely as an expression of hurt feelings and dissatisfication with the results in the state tribunals, this Court should of its own initiative exact compliance with the Rule 8 requirement that the pleading be a statement showing that the pleader is entitled to relief."

*See also Stene v. Beresford School District No. 61–2 of Union County, South Dakota*, 425 F.Supp. 1389, 1391 (D SD, 1977); *Gill v. Gill*, 412 F.Supp. 1153, 1157–1158 (ED Pa, 1976), *affirmed* 568 F.2d 768 (CA 3, 1978). With this in mind, the Court notes that the plaintiff in this case has several actions pending at the appellate and trial levels of the state courts of Michigan. Much of that litigation involves the same underlying facts and allegations as this action.

For all of the foregoing reasons, plaintiff's complaint is hereby DISMISSED WITH PREJUDICE. *Shakespeare v. Wilson*, 40 F.R.D. 500, 506 (SD Cal, 1966). This dismissal is under F.R.Civ.P. 41(b) for failure to comply with the requirements of F.R.Civ.P. 8(a)(2). In addition, this dismissal is founded upon F.R.Civ.P. 12(b)(6) for plaintiff's failure to state a claim upon which relief can be granted.[3]

In light of the Court's dismissal of this action, all outstanding motions are hereby DENIED AS MOOT.

IT IS SO ORDERED.

---

3. The Court points this out only because it understands its ruling herein to be a final, appealable order, rather than a nonappealable direct dismissal under F.R.Civ.P. 8(a). *Dann v. Studebaker-Packard Corporation*, 253 F.2d 28 (CA 6, 1958).