**In re "SANTA BARBARA LIKE IT IS TODAY" COPYRIGHT INFRINGEMENT LITIGATION.**

**MDL No. 450.**

United States District Court,
D. Nevada.

April 2, 1982.

Michael R. Wood, pro se.

## ORDER DISMISSING ACTIONS WITH PREJUDICE

ROGER D. FOLEY, District Judge.

On April 28, 1981, the Judicial Panel on Multidistrict Litigation granted plaintiff's motion under Title 28 U.S.C. § 1407 for centralization of the 33 actions listed on the attached "Schedule A" for coordinated and consolidated pretrial proceedings in this Court. Subsequent to that transfer order, several other actions were transferred to this Court as tag-along cases pursuant to Rules 1, 9 and 10 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. (78 F.R.D. 562) Those tag-along cases are listed on the attached "Schedule B."[1]

The April 28th transfer order was received and filed in this Court on May 4, 1981. This Court was then faced with the task of analyzing the various claims by the plaintiff against well over 200 defendants. On May 5th, this Court entered Pretrial Order No. 1, which identified and designated the cases as complex litigation and ordered them consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure for pretrial proceedings. That order also stayed all proceedings by any and all the parties until further order of this Court.

The long and complex background of this litigation is set forth in this Court's opinion in *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 507 F.Supp. 1128, 1132–33 (D.Nev.1980) (hereinafter referred to as Civil LV 79–1 RDF), and in this Court's opinion in this multidistrict litigation, entered July 14, 1981, and need not be repeated here. Plaintiff, who is a layman, has proceeded in pro se from the beginning. Efforts to proceed with this litigation have placed a heavy burden upon the parties defendants and upon the federal court system. A substantial amount of time of judges and court personnel has been spent in this litigation. To date, the plaintiff has succeeded only in having most of his claims and causes of action dismissed against him with prejudice. Plaintiff has also compiled a long history of noncompliance with court orders and has continuously asserted frivolous grounds.[2]

Yet, the Court has dealt patiently with this plaintiff, both in Civil LV 79–1 RDF and in this multidistrict litigation. The Court has tried to accord this plaintiff the liberal standards available to a pro se liti-

---

1. On June 2, 1981, one of the actions transferred to this Court by the Judicial Panel's April 28th order, *Michael R. Wood, Etc. v. MacDonald Group Ltd., et al.,* Civil LV 81–216 RDF (formerly CV 80–2690 LTL), was transferred back to the Central District of California by this Court. That particular action was transferred back to the Central District because there was nothing concerning it that could be consolidated with the MDL–450 litigation.

2. On May 4, 1981, the Ninth Circuit affirmed the dismissal of plaintiff's second federal action in California, *Wood v. McEwen, et al.,* 644 F.2d 797 (9th Cir. 1981). The Ninth Circuit ordered the plaintiff to pay over $6,250 in damages as a penalty for continually asserting frivolous grounds of error.

gant. The Court has spent a great deal of time going through the pleadings, exhibits and motions in these cases. As such, the Court is quite familiar with the various claims attempted to be asserted in the multidistrict litigation.

After reviewing the various files received from the transferor districts, this Court concluded that such claims are nearly identical with those asserted in Civil LV 79–1 RDF. In its opinion of July 14, 1981, this Court determined that many of the alleged infringements were barred by the applicable statute of limitations. However, this Court also determined, and explicitly pointed out, that the plaintiff possibly had claims against several defendants from which valid claims of copyright infringement could be alleged. But the Court concluded, however, that the pending complaint failed to comply with Rule 8(a) and (e), FRCP.

In the July 14 opinion, the Court specifically informed the plaintiff that any attempt to relitigate alleged infringements that were time-barred would result in the imposition of sanctions against him. The Court also explained for a second time what was required to allege a valid claim for co-infringement[3] and specifically directed the plaintiff to two possible infringements from which he could properly allege valid claims. This Court also informed the plaintiff that his pleadings failed to comply with Rule 8, FRCP.

On September 10, 1981, the Court entered its order following oral argument in this consolidated action. That order dismissed most of plaintiff's claims with prejudice. However, it also granted him leave to lodge with this Court a proposed first amended complaint that would comply with Rule 8(a) and (e), FRCP, setting forth his claims of copyright infringement that were not dismissed with prejudice, along with his claims for unlawful boycott activities that were not dismissed with prejudice. The proposed first amended complaint was not to be served upon any of the defendants. Instead, it was to be lodged with this Court only for initial review.

## FAILURE TO COMPLY WITH THE ORDER OF THIS COURT

In response to the order of September 10, 1981, and the related opinion of July 14, 1981, the plaintiff lodged with this Court on November 23, 1981, what he labels "No. MDL 450 First Amended Complex Multidistrict Complaint." This document flagrantly violates the previous order of this Court and wholly fails to comply with Rule 8(a) and (e), FRCP.

Plaintiff makes no attempt to weed out the defendants against whom this Court has held that he no longer has a valid claim of infringement due to the bar of the statute of limitations. Plaintiff reasserts a theory of co-infringement which this Court has ruled invalid on two prior occasions. Plaintiff makes no attempt to organize the material in any orderly fashion. Instead, plaintiff continues to assert that over 200 defendants have infringed and co-infringed plaintiff's copyrighted photographs. This constitutes a brazen effort by the plaintiff to have this Court litigate claims which it has declared are no longer valid.

This plaintiff, while pursuing this action in pro se, is an intelligent and articulate young man who has argued before this Court several times. This plaintiff is no stranger to the courtroom[4] and, as stated before, has compiled a history of flagrantly failing to observe court orders by filing frivolous claims. The plaintiff's first amended complaint constitutes a conscious disregard of the previous order of this Court. Thus, the imposition of sanctions against the plaintiff is entirely appropriate.

■ The purpose of Rule 8(a) and (e), FRCP, is to give fair notice of the claim

---

**3.** See this Court's memorandum of April 24, 1981, in Civil LV 79–1 RDF and Part A of this Court's July 14, 1981, opinion in MDL–450 (Master File).

**4.** See the case of *Holsey v. Bass*, 519 F.Supp. 395, 405, n.27 (D.Md.1981), where the Court concludes that an experienced pro se litigator should be held to a higher standard than the novice.

being asserted so as to permit the adverse party the opportunity to file a responsive answer and prepare an adequate defense. *Vance v. American Society of Composers, etc.*, 271 F.2d 204, 207 (8th Cir. 1959), cert. denied, 361 U.S. 933, 80 S.Ct. 373, 4 L.Ed.2d 355 (1961); *U. S. ex rel. Dattola v. Nat. Treasury Emp. Union*, 86 F.R.D. 496, 499 (W.D.Pa.1980); *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C.1977); *Hutter v. Schraml*, 51 F.R.D. 519, 521 (E.D.Wis.1970). Beyond this, the rule serves to sharpen the issues to be litigated and to confine discovery within reasonable grounds. *Brown v. Califano*, supra.

■ This Court acknowledges that a pro se complaint is subject to liberal construction. *U. S. ex rel. Dattola v. Nat. Treasury Emp. Union*, supra; *Brown v. Califano*, supra; cf. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). However, there is a limit to the indulgence of the law and even a pro se complaint is subject to dismissal if the pleading fails to reasonably inform the adverse party of the basis for the cause of action. *U. S. ex rel. Dattola v. Nat. Treasury Emp. Union*, supra; *Brown v. Califano*, supra.

■ The first amended complaint filed with this Court violates almost every tenet of Rule 8(a) and (e), FRCP. The complaint is confusing as to what claims are asserted and any factual basis for the claims. Cf. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965), cert. denied, 382 U.S. 966, 86 S.Ct. 458, 15 L.Ed.2d 370 (1965); *Echols v. Voisine*, 506 F.Supp. 15, 18 (E.D.Mich.1981). There are no specific allegations or any factual basis given as to any specific instances of infringement. There is no attempt made to link any of the alleged co-infringements with any specific infringements. Cf. *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980); *Vance v. American Society of Composers, etc.*, supra; *Hutter v. Schraml*, 51 F.R.D. 519 (E.D.Wis. 1970). The complaint merely refers to exhibits purportedly filed with this Court and there is no specific reference to any of the exhibits and no attempt is made to organize the material in any manner. *Vance v.*

*American Society of Composers, etc.*, supra. The complaint is conclusory and contains disparate and unrelated allegations. Cf. *Echols v. Voisine*, 506 F.Supp. 15, 18 (E.D. Mich.1981). This Court cannot even classify which defendants are being sued under the various claims because of plaintiff's tangled web of incorporation by reference and incomprehensible grouping of the defendants. In short, the following statement by the Court in *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C.1977), fits this case:

"The pleading filed by the plaintiff in this case is indeed a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies. The complaint contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments. Nor has plaintiff alleged with even modest particularity the dates and places of the transactions of which he complains. It belabors the obvious to conclude that the complaint filed in this action falls far short of the admittedly liberal standard set in F.R.Civ.P. 8(a)."

In conclusion, it would be a travesty of justice to require the defendants to answer this complaint and be subject to discovery when the plaintiff refuses to present any of his claims in an orderly fashion. *Vance v. American Society of Composers, etc.*, supra; *U. S. ex rel. Dattola v. Nat. Treasury Emp. Union*, supra; *Hutter v. Schraml*, supra. Therefore, this Court will not allow this first amended complaint to be filed in this action.

## DISMISSAL WITH PREJUDICE

■ Courts have inherent power in the interest of the orderly administration of justice and under Rule 41(b), FRCP, to dismiss for disobedience of its orders. *Link v. Wabash Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962); *Fendler v. Westgate California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975); *O'Brien v. Sinatra*, 315 F.2d 637, 641 (9th Cir. 1963). This

Court acknowledges the practice of dismissing a complaint without prejudice where dismissal occurs prior to reaching the merits of the case. *Affanato v. Merrill Bros.*, 547 F.2d 138, 140 (1st Cir. 1977); *O'Brien v. Sinatra*, 315 F.2d 637, 641 (9th Cir. 1963). The Court also realizes that Courts have been reluctant to impose the ultimate sanctions of dismissal with prejudice because it is a harsh remedy. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Schmidt v. Herrmann*, 614 F.2d 1221, 1223 (9th Cir. 1980); *O'Brien v. Sinatra*, supra. However, a complaint which fails to comply with Rule 8(a) and (e), FRCP, may be dismissed with prejudice pursuant to Rule 41(b), FRCP, and this Court's inherent power. *Nevijel v. North Coast Life Ins. Co.*, supra; *Schmidt v. Herrmann*, supra; *Von Poppenheim v. Portland Boxing & Wrestling Com'n*, 442 F.2d 1047 (9th Cir. 1971), cert. denied, 404·U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972). The power to dismiss a complaint with prejudice is within the discretion of the trial court and will only be overturned where there is an abuse of discretion. *Schmidt v. Herrmann*, supra; *Fendler v. Westgate California Corp.*, supra at 1170. The exercise of the discretion to dismiss requires only that possible and meaningful alternatives be reasonably explored, bearing in mind the drastic foreclosure of rights that dismissal with prejudice effects. *Nevijel v. North Coast Life Ins. Co.*, supra at 674; *Von Poppenheim v. Portland Boxing & Wrestling Com'n*, supra at 1054. However, this Court need not exhaust all other possible sanctions before dismissing a case with prejudice. And aggravating circumstances may make a dismissal with prejudice appropriate and mitigate the harshness of such a ruling. *Nevijel v. North Coast Life Ins. Co.*, supra; *Schmidt v. Herrmann*, supra; *O'Brien v. Sinatra*, supra at 641–642.

■ This Court believes that there are only two less drastic alternatives available to the Court in this situation. One would be to allow the plaintiff to file additional amended complaints. The other would be to insist that the plaintiff associate experienced legal counsel and then file a second amended complaint. *Nevijel v. North Coast Life Ins. Co.*, supra. This Court believes that neither alternative is practical nor reasonable in this case.

This plaintiff has already demonstrated to this Court that he is unwilling to follow the orders of this Court and that he will not present his claims in an orderly fashion. This plaintiff also has a long history of similar conduct before this and other Courts in which he has appeared. Cf. *Nevijel v. North Coast Life Ins. Co.*, supra at 675; *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C.1977). Therefore, any further amended complaints filed by this pro se litigant would waste the time and resources of this Court.

This Court also does not believe that association of counsel would be practical in this case. This plaintiff is a career pro se litigant. He has demonstrated an unyielding determination to prosecute this case by himself. He has filed lawsuit after lawsuit all over the country against an ever increasing number of defendants. Money to hire an attorney has never been a problem with this plaintiff. Given the plaintiff's attitude of noncooperation, it would be highly unlikely that any attorney coming into this massive litigation at this date could maintain control over the plaintiff and this litigation. Hence, the association of counsel is not the answer.

There are aggravating circumstances present in this case which make dismissal with prejudice an appropriate remedy independent of a lack of reasonable alternatives. *Nevijel v. North Coast Life Ins. Co.*, supra at 674; *O'Brien v. Sinatra*, supra at 641–642. This Court must consider the rights of these defendants to be free from this costly and harassing litigation. *Nevijel v. North Coast Life Ins. Co.*, supra at 675; *Von Poppenheim v. Portland Boxing & Wrestling Com'n*, supra at 1054; *O'Brien v. Sinatra*, supra at 642. The defendants in this case have gone to great expense and effort to defend these lawsuits in California and all over the country. These defendants have had to respond to all of plaintiff's

conclusory complaints, frivolous assertions of error, and appeals.

/ This Court and the federal judicial system as a whole are committed to according pro se litigants liberal standards in prosecuting their claims. However, the judiciary cannot allow this procedure to be transformed into a weapon with which a pro se plaintiff can endlessly harass and inflict damage upon helpless defendants. This is what has occurred here. This course of conduct cannot and will not be allowed to continue.

The time and resources of the Courts in the administration of justice and the rights of other would-be litigants to have matters resolved must also be considered. *Nevijel v. North Coast Life Ins. Co.*, supra; *Von Poppenheim v. Portland Boxing & Wrestling Com'n*, supra; *O'Brien v. Sinatra*, supra. This Court has spent much time and effort in patiently trying to determine the basis of plaintiff's claims and even in attempting to direct the plaintiff as to how he might be able to allege a valid claim, all to no avail. In *O'Brien v. Sinatra*, 315 F.2d 637, 642 (9th Cir. 1963), the Court stated:

> "The situation is not unlike *Package Machinery Company v. Hayssen Manufacturing Company*, 7 Cir., 1959, 266 F.2d 56, where it was stated, at page 57:
>
>> 'We are convinced that plaintiff's unyielding determination not to define the trade secrets which it claimed were pirated by defendants was solidly arrayed against the almost inexhaustible patience of the district judge, who insisted that plaintiff comply with the court's orders. For a considerable period of time, plaintiff's determination prevailed. But, fortunately, the court overcame the inertia in the situation created by plaintiff; it was able to protect itself by invoking rule 41(b) which authorized it to enter the order of dismissal with prejudice, of which plaintiff now complains. We hold that this order was properly entered and it is hereby affirmed.' "

This Court need not waste any more time with this plaintiff who consciously fails to comply with its orders and who refuses to present his claims in an orderly fashion. This Court must administer its resources to resolve validly prosecuted claims. It cannot merely provide a procedural playground for career pro se litigants. Any further proceedings in this matter would be a further exercise of futility and frustration.

For the above reasons, this Court hereby dismisses with prejudice all of plaintiff's claims in the consolidated multidistrict litigation against all the defendants.[5]

### CONCLUSION AND ORDER

1. Rule 11(a) of the Multidistrict Litigation Rules provides:

> "Actions terminated in the transferee court by valid judgment, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, shall not be remanded by the Panel and shall be dismissed by the transferee court. The clerk of the transferee court shall send a copy of the order terminating the action to the Clerk of the Panel but shall retain the original files and records unless otherwise directed by the transferee judge or by the Panel."

2. The Clerk of the Court shall prepare and enter a judgment dismissing with prejudice all the plaintiff's claims in this consolidated multidistrict litigation against all the defendants.

3. The Clerk of the Court shall also file a copy of the judgment and a copy of this opinion in all the files transferred to this district from the transferor districts listed on "Schedule A" and "Schedule B."

4. The Clerk of the Court shall send a copy of the judgment and a copy of this opinion to the Judicial Panel on Multidistrict Litigation.

5. The Clerk of the Court shall also serve a copy of the judgment and this opinion by mail upon plaintiff and all counsel for the defendants in this matter.

6. All files in this case shall remain with the Clerk of the Court.

**5.** A list of the defendants is contained in Document No. 10 of the MDL–450 Master File.

7. Pretrial Order No. 1, MDL–450 (Master File), shall remain in full force and effect, except that plaintiff may file, and the Clerk of the Court may accept, a notice of appeal of the judgment and this opinion, if the plaintiff shall wish to appeal the same.

8. This Court reminds the plaintiff that the injunction against filing any additional lawsuits concerning this matter, entered on June 1, 1981, in Civil LV 79–1 RDF, is still in effect.

## EXHIBIT A

*MDL–450—In re "Santa Barbara Like It Is Today" Photograph Copyright Litigation*

### District of Nevada

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–373–RDF

### District of Arizona

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–906–PHX(WPC)—CV–LV–81–213–RDF

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–304–TUC(ACM)—CV–LV–81–214–RDF

### Central District of California

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. CV80–01102–MRP(Mx)—CV–LV–81–215–RDF

Michael R. Wood, etc. v. MacDonald Group Ltd., et al., C.A. No. CV80–2690–LTL—CV–LV–81–216–RDF

### Eastern District of California

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. F–80–252–MDC—CV–LV–81–217–RDF

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. S–80–877–LKK—CV–LV–81–218–RDF

### Northern District of California

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. C80–4124–RFP—CV–LV–81–219–RDF

### Southern District of California

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–1773–E(m)—CV–LV–81–220–RDF

### District of Colorado

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–A–1488—CV–LV–81–221–RDF

### District of Connecticut

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. B–80–482—CV–LV–81–222–RDF

### District of the District of Columbia

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–2885—CV–LV–81–223–RDF

### Northern District of Illinois

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–C–6101—CV–LV–81–224–RDF

### Southern District of Indiana

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. IP–80–1071–C—CV–LV–81–225–RDF

### Southern District of Iowa

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–442–B—CV–LV–81–226–RDF

### Eastern District of Michigan

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–74073—CV–LV–81–227–RDF

### District of Nebraska

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–L–292—CV–LV–81–228–RDF

*District of New Jersey*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–3532—CV–LV–81–229–RDF

*Eastern District of New York*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80C3053—CV–LV–81–230–RDF

*Southern District of New York*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80 Civ 6479—CV–LV–81–231–RDF

*Western District of New York*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–1030–B—CV–LV–81–232–RDF

*Middle District of North Carolina*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. C–80–600–D—CV–LV–81–233–RDF

*Northern District of Ohio*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. C80–2038A—CV–LV–81–234–RDF

*District of Oregon*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–6385–E—CV–LV–81–235–RDF

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–1015—CV–LV–81–236–RDF

*Eastern District of Pennsylvania*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–4292—CV–LV–81–237–RDF

*Western District of Pennsylvania*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. CA80–1571—CV–LV–81–238–RDF

*Southern District of Texas*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. H–80–2481—CV–LV–81–239–RDF

*District of Utah*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. C80–0650A—CV–LV–81–240–RDF

*Eastern District of Virginia*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. 80–1199–N—CV–LV–81–241–RDF

*Eastern District of Washington*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. C–80–443–RJM—CV–LV–81–242–RDF

*Western District of Washington*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. C80–490T–CV–LV–81–243–RDF

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., C.A. No. C80–1147V—CV–LV–81–244–RDF

## EXHIBIT B

*Middle District of Florida*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., 80–5900Orl–Civ–Y

*Northern District of Texas*

Michael R. Wood, etc. v. Santa Barbara Chamber of Commerce, et al., CA3–80–1450–R