**Richard J. MARTIN**

v.

**Francis J. HUNT.**

**Civ. A. No. 61–61–C.**

United States District Court
D. Massachusetts.

June 16, 1961.

Lawrence F. O'Donnell, Boston, Mass., for plaintiff.

Elliot L. Richardson, U. S. Atty., George H. Lewald, Asst. U. S. Atty., Boston, Harold Lavien, Asst. U. S. Atty., Boston, Mass., George A. McLaughlin, Boston, Mass., for defendant.

CAFFREY, District Judge.

The facts which give rise to this case are set out in the Court's opinion dated March 6, 1961. Martin v. Wyzanski, D. C., 191 F.Supp. 931. At the oral argument of the instant motion, counsel for the respondent conceded that as presently drawn the petitioner's complaint might well embrace both the actions of respondent which took place in the course of his official duties and certain actions of respondent which took place when he was acting in a private capacity. That being so, at this posture of the case the motion to dismiss, which is based on the claim of official privilege, is denied.

Respondent has also filed a motion to strike the petition *in toto*. The petition with exhibits consists of some 47 legal size pages. A substantial portion of it consists of a prolix and verbose series of allegations which concern alleged conduct of Judge Charles E. Wyzanski, Jr., who was named a respondent herein and as to whom the complaint has been previously dismissed, and of various allegations as to certain actions allegedly taken by other judges of this court who were not named as respondents. A large portion of the complaint consists of the setting forth in detail of matters of an evidentiary nature. The complaint is argu-

mentative, redundant and verbose, and contains certain material which is both impertinent and scandalous.

■ As a general rule, the Federal courts have been slow to direct the striking of a complaint *in toto* in response to motions seeking this relief pursuant to the provisions of Rule 12(f), Federal Rules of Civil Procedure, 28 U.S.C.A. The Court of Appeals for this Circuit, however, has indicated that a district court has and should exercise this power to strike *in toto* when confronted with a complaint of the type involved in the instant case. In McCoy et al. v. Providence Journal, 1 Cir., 1951, 190 F.2d 760, at page 766, certiorari denied 342 U.S. 894, 72 S.Ct. 200, 96 L.Ed. 669, the Court indicated that the complaint filed in that case should have been stricken by the District Judge, and stated:

> "It is hard to imagine a pleading more completely at variance with both the letter and the spirit of Rule 8(e) (1) which requires that each averment of a pleading be 'simple, concise, and direct.'"

A comparison of the complaint referred to by the Court of Appeals in the McCoy case and the complaint filed herein indicates that the instant complaint is longer, more rambling, and more argumentative than the document criticized by the Court of Appeals in the McCoy case. The complaint herein totally fails to comply with either the letter or the spirit of Rule 8(a) or Rule 8(e) (1) which requires each averment of a pleading to be simple, concise, and direct, and it is the complete antithesis of the type of complaint contemplated by Rule 8(a) (2), which states:

> "A claim for relief * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

■ The motion to strike *in toto* is granted.

The petitioner is granted leave to file an amended complaint complying with the requirements of Rule 8 and setting forth a *short*, concise, and *plain* statement of his claim against the respondent Francis J. Hunt, within thirty days from the date hereof.