Richard J. MARTIN

v.

Francis J. HUNT.

Civ. A. No. 61-61-C.

United States District Court
D. Massachusetts.

Oct. 31, 1961.

Lawrence F. O'Donnell, Boston, Mass., for plaintiff.

Charles S. McLaughlin, Boston, Mass., for defendant.

CAFFREY, District Judge.

The facts underlying this litigation are set out at length in an earlier opinion, dated March 6, 1961 (Martin v. Wyzanski, D.C., 191 F.Supp. 931).

On June 16, 1961, a Memorandum and Order (28 F.R.D. 35, 36) was handed down granting defendant Hunt's motion to strike the complaint *in toto* and granting petitioner Martin "leave to file an amended complaint complying with the requirements of Rule 8 and setting forth a short, concise, and plain statement of his claim against the respondent Francis J. Hunt, within thirty days from the date hereof."

Some 35 days later, petitioner filed a motion captioned "Motion to Allow Late Filing of Amended Complaint by Plaintiff," together with a document captioned "Amended Bill of Complaint." Thereafter, oral argument in support of and in opposition to the allowance of this motion was had by counsel for the parties and memoranda of law were filed with respect to the motion. Defendant urges that the motion be dismissed and that judgment for the defendant be entered. Plaintiff asserts that under Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A., he may, as a matter of right, make one amendment of his pleading prior to the serving by defendant on plaintiff of a responsive pleading. Plaintiff further argues that neither a motion to dismiss nor a motion to strike is a responsive pleading within the meaning of Rule 15(a), and cites Peckham v. Scanlon, 7 Cir., 1957, 241 F.2d 761, and Porter v. Montaldo's, D.C.Ohio 1946, 71 F.Supp. 372. Nearer home, plaintiff might well have cited United States v. Newbury Mfg. Co., 1 Cir., 1941, 123 F.2d 453, and Keene Lumber Co. v. Leventhal, 1 Cir., 1948, 165 F.2d 815, both of which indicate that it is well-established in this Circuit that a motion to dismiss is not a responsive pleading within the meaning of Rule 15(a). It is interesting to note that the Sixth Circuit has likewise so ruled in a case involving a time situation even more favorable to the plaintiff than that in the instant case. In Ohio Casualty Insurance Co. v. Farmers Bank of Clay, Kentucky, 6 Cir., 1949, 178 F.2d 570, the Sixth Circuit labeled it reversible error for a district court to dismiss an action in which the plaintiff had been given thirty days to file an amended complaint but proffered the amended complaint some sixty days after the court order.

The motion to allow late filing of amended complaint is granted.

Filing the amended complaint, however, does not automatically resolve this case, nor does it perforce saddle the defendant with the onerous chore of attempting to draft a responsive pleading thereto. Defendant urges that this amended complaint, in substance, is subject to all of the infirmities and deficiencies of the original complaint, and an examination thereof reveals that defendant's position is well taken. Despite the fact that on March 6, 1961 the action was dismissed as to the respondent Judge Charles E. Wyzanski, Jr., this amended complaint persists in treating Judge Wyzanski as a party. It devotes paragraphs 30 through 39 to a castigation of the Judge, and relief is sought against the Judge in prayers numbered III, IV, V, VI, and VII. The length of the amended complaint has been reduced from 77 to 57 paragraphs, but 42 of these are verbatim repetitions of paragraphs in the original complaint, and 13 of the remaining 15 are substantial repetitions of paragraphs in the original complaint.

The amended complaint is still extremely verbose and rambling, and con-

tains a lengthy recital of evidentiary matters, examples of which are paragraphs 26, 32, and 36. It is filled with historical and background material which is totally irrelevant to a bill for accounting. Much of the material therein is still scandalous and vituperative. In short, the amended complaint may be characterized, just as could be the original complaint, by the language of the Court of Appeals for this Circuit in the case of McCoy, et al. v. Providence Journal, 190 F.2d 760, 766:

> "It is hard to imagine a pleading more completely at variance with the letter and the spirit of Rule 8(e) ■ which requires that each averment of a pleading be 'simple, concise and direct'."

■ Some ten days after the oral argument of the motion for leave to amend, which date was approximately 33 days after the filing of the "Amended Bill of Complaint," plaintiff filed in the office of the Clerk of this Court a document captioned "Second Amended Bill of Complaint." No motion for leave to file this "Second Amended Bill of Complaint" was filed, argued, or allowed. No explanation regarding the motivation or reason for filing same has been offered by the plaintiff to date. Defendant, through his counsel, however, has addressed a letter, dated September 12, 1961, to the Court, stating that he opposes the filing of this document for various reasons set forth therein. This so-called Second Amended Bill of Complaint, filed without leave, has no standing in this case.

■ Turning to the Amended Complaint, which plaintiff filed pursuant to Rule 15(a), the question it presents is whether or not a plaintiff, who concededly has a right to amend, may amend his complaint in such a way as to compel a defendant to try and frame an answer to a pleading which not only totally fails to conform with the Rules of Civil Procedure but is filed under claim of right by the plaintiff *after* the Court has earlier handed down an opinion setting forth in detail the respects in which its predecessor has failed to comply with the Rules of Civil Procedure. Putting the question another way, may a plaintiff compel a District Court to consider and a defendant to undergo the expense of filing an indefinite series of motions to strike by reason of a plaintiff's insistence on filing documents so at war with both the letter and the spirit of the Federal Rules of Civil Procedure. The answer to this question is found in Rule 41(b), Federal Rules of Civil Procedure, which says in appropriate part, "For failure of the plaintiff * * * to comply with these rules * * * a defendant may move for dismissal of an action or of any claim against him."

The defendant having so moved, this action is dismissed for failure of the plaintiff to comply with the provisions of Rule 8, Federal Rules of Civil Procedure.