**Joseph WEINFELD et al., Plaintiffs,**

v.

**BUCCANEER BROADCASTING, LTD., et al., Defendants.**

**Civ. A. No. 79–990–C.**

United States District Court, D. Massachusetts.

May 19, 1980.

Joseph Weinfeld, pro se.

Nancy R. Golden, Boston, Mass., for plaintiff.

Thomas D. Burns, Lawrence G. Cetrulo, Burns & Levinson, Boston, Mass., for Carlton K. Brownell.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action filed by Joseph Weinfeld, pro se and also by Mr. Weinfield purporting to act on behalf of seven members of his family and a New York corporation. The action was brought against Buccaneer Broadcasting, Ltd. described as a corporation organized under the laws of New York, Carlton K. Brownell, Esq., described as a resident of New York, and Francis C. Shoupe, Jr., described as a resident of Pennsylvania. Jurisdiction is alleged on the basis of diversity of citizenship, breach of the Communications Act of 1934, 47 U.S.C. § 151 et seq. as well as 42 U.S.C. §§ 1981, 1983, and 1985, and the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

This matter came before the Court on a motion to dismiss in November of 1979 at which time a memorandum and order was filed providing 30 days for the plaintiffs other than Joseph Weinfeld to obtain representation by a member of the bar of this Court and otherwise continuing the motion to dismiss. Subsequent to that ruling, a memorandum opposing the motion to dismiss was filed on behalf of plaintiffs by Nancy R. Golden, Esq.

The motion to dismiss was filed only on behalf of Carlton K. Brownell. No appearance has ever been filed herein on behalf of defendants, Buccaneer Broadcasting Ltd. or Francis C. Shoupe, Jr. A document purporting to be a return of service on Shoupe and Buccaneer Broadcasting, Ltd. obviously is inadequate to effectuate valid service on them since the service was attempted on Attorney Brownell who returned same with a letter to the clerk advising that he was not agent for service of process for either Shoupe or Buccaneer Broadcasting, Ltd. Thus, Brownell is the only defendant before the Court.

Counsel for Brownell have urged dismissal of the complaint on a variety of grounds and I rule that a number of them are well taken.

1. This Court does not have diversity jurisdiction under 28 U.S.C. § 1332 because the complaint on its face establishes that there is incomplete diversity between all parties plaintiff and all parties defendant.*

2. The complaint is dismissable for non-compliance with the mandatory requirements of Rule 8(a) of the Federal Rules of Civil Procedure in that it is not a short and plain statement of plaintiffs' complaint. It further fails to comply with Rule 9 or Rule 10(b) of the Federal Rules of Civil Procedure.

3. The Court does not have jurisdiction under the provisions of 42 U.S.C. § 1981 because there is no allegation of racial prejudice against plaintiffs. It does not have jurisdiction under the provisions of 42 U.S.C. § 1983 because there is no allegation of state action sufficient to trigger federal jurisdiction nor does it state a cause of action under 42 U.S.C. § 1985 in that it fails to allege a conspiracy by Brownell to prevent officials from carrying out their duty or a conspiracy by Brownell to interfere with the judicial process, nor does it charge racially motivated conspiratorial action by Brownell within the meaning of § 1985(3). In addition no private right of action exists under the Communications Act of 1934. Thus there is no jurisdiction in the Court under 28 U.S.C. § 1331.

I further rule that the allegations of the complaint do not bring defendant Brownell within the reach of so-called Massachusetts Long Arm Statute. M.G.L. Ch. 223, § 3.

---

* In October 1979 plaintiffs filed a motion to amend their complaint and attempted to delete Astro Radio Communications as a party plaintiff. I rule that a complaint may not be amended to delete an indispensable party in order to perfect jurisdiction. *See Ray v. Bird & Son & Asset Realization Co., Inc.,* 519 F.2d 1081 (5th Cir. 1975); *Oppenheim v. Sterling,* 368 F.2d 516 (10th Cir. 1966), *cert. denied,* 386 U.S. 1011, 87 S.Ct. 1367, 18 L.Ed.2d 441 (1967).

In summary, I rule that the complaint fails to state a cause of action against Brownell on any of the purported theories attempted by plaintiff, and I further rule, considering the complaint as a whole, having in mind the absence of diversity jurisdiction, it should be dismissed not only as to Buccaneer Broadcasting, Ltd. who has moved therefor but as against the other two defendants who have never been properly brought before this Court.

Order Accordingly.