**Randolph E. GREEN, Plaintiff,**

v.

**COMMONWEALTH OF MASSACHUSETTS, et al., Defendants.**

**Civ. A. No. 84–2792–Y.**

United States District Court, D. Massachusetts.

Nov. 22, 1985.

*State Bar Association,* 436 U.S. 447, 98 S.Ct. 1925, 56 L.Ed.2d 444 (1978); *In Re Primus,* 436 U.S. 412, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978).

## MEMORANDUM AND ORDER

YOUNG, District Judge.

Randolph Green ("Green") brings this action against numerous officials of the Commonwealth of Massachusetts ("Commonwealth") as well as various private individuals. In his pro se complaint, Green fires a salvo of charges, none of which alleges even the basic elements necessary to support a cause of action. Green makes various vague and general allegations of fraud at several points in his complaint, all of which fall far short of the specificity requirements of Fed.R.Civ.P. 9(b). *Inter alia,* he invokes "the Fourteenth Amendment to the Constitution of the United States, the Civil Rights Act of 1971 Title 42 USC Sections 1981, 1982, 1983, 1985, etc., 1986; Section 2000A–2, etc.; Title MGL Chapter 201B, Sections 1 through 7 and Section 201, Section 34 of the Laws of the Commonwealth of Massachusetts as more fully set forth herein. Also Title 18 USC Section 241, Section 242, and Section 794 of the Criminal Code." He seeks damages of $28,000,000 "for collusion, for conspiracy, for perpetrating a fraud upon the Court, for deprivation of Plaintiff's due process right under color of law, for violation of Plaintiff's civil rights and Constitutional rights, for attempting to withold and interfering with Plaintiff Randolph E. Green's legal right of ownership and legal right of possession of its valid Uniform, Durable Power of Attorney under State laws and without due process of law of Title MGL Chapter 201B, by the Commonwealth of Massachusetts Probate Court, et al., and the individual and corporate defendants in violation of rights secured to the Plaintiff Randolph E. Green by the Constitution and the Laws of the United States for violation of 18 USC Section 241 and Section 212, and Section 794 and violation of the Federal Civil Rights Acts Title 42 USC. Sections 1981, 1982, 1983, 1985, 1986 and 2000A–1,

etc. and Racial Discrimination and Reversed Discrimination."

 The First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers, *Sissbaro v. Warden, Massachusetts State Penitentiary,* 592 F.2d 1, 2 (1st Cir.), *cert. denied,* 440 U.S. 849, 100 S.Ct. 99, 62 L.Ed.2d 64 (1979) but this cannot be taken to mean that pro se complaints are held to no standard at all. The controlling rule requires a short, plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). "[C]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed...." *Prezzi v. Berzak,* 57 F.R.D. 149, 151–152 (S.D.N.Y.1972).

 Accordingly, this case is DISMISSED and Green is afforded 30 days from the date of this order to move for leave to file an amended complaint which comports with the Federal Rules of Civil Procedure.[1]

---

**1.** This approach insures that the complaint in this case will receive immediate judicial scrutiny to determine whether it passes minimum standards of pleading without unduly shutting the courthouse doors in Green's face. *Cf. Castro*

*v. United States,* 775 F.2d 399, 408 (1st Cir. 1985) (Injunction against further litigation warranted only "in extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties").