**8**

Rt. Rev. Dr. Edward
WAYLAND, Plaintiff,

v.

UNITED STATES of America and
Internal Revenue Service,
Defendants.

No. 85–923–Y.

United States District Court,
D. Massachusetts.

April 7, 1986.

Rt. Rev. Edward Wayland, pro se.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

█ The "Rt. Rev. Dr. Edward Wayland" ("Wayland") brings this action against the Internal Revenue Service and the United States of America by way of a "Bill of Complaint" apparently alleging that a certain United States tax lien has been improperly filed as to certain property in which he claims an interest. From this controversy Wayland distills some eighteen counts in which he attempts to allege false arrest in that he has apparently received a civil subpoena—he calls it "a King's Blank Warrant"; fraud; violation of the doctrine of separation of powers; selective prosecution—he calls it "deliberate reprisal, harassment, persecution" by an employee of the Internal Revenue Service; defamation; general unconstitutional conduct; "extortion, coercion, blackmail, etc."; denial of the law's protections by those required to uphold them; resurrection of "the outlawed 'Kings-men-system' by establishing lawyers as a part-of-government"; failure to guarantee Massachusetts a republican form of government by a covert invasion of this Commonwealth; "dictatorship of the mobocracy"; denial of due process and the right to a jury trial; "multiple abominations"; violation of divine law; violation of copyright; dictatorial acts under color of law; treason; and rape "by an alien, private banking system."

Certain of these claims are unknown to the law and Wayland clearly has no standing to raise others. The remainder invoke specific torts but are devoid of factual allegations sufficient to support the causes of action to which reference is made. Reflecting on the facts that the Declaratory Judgment Act, 28 U.S.C. § 2201, prohibits declaratory relief with respect to a tax controversy, that the Anti-Injunction Act, 26 U.S.C. § 7421(a), specifically prohibits injunctions aimed at restraining the assessment of any tax (with a narrow exception not here relevant), that neither the United States nor the Internal Revenue Service is a proper party defendant in a case involving intentional tortious conduct by agents of the government, *United States v. Shearer*, — U.S. —, 105 S.Ct. 3039, 3043, 87 L.Ed.2d 38 (1985), that neither may be estopped in its collection of tax revenue by the negligent misconduct of its own employees, *see Broadway Open Air Theatre v. United States*, 208 F.2d 257, 259 (4th Cir.1953), and that, in any event, there is no suggestion here that a proper predicate has been laid under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 *et seq.*, it is appropriate upon the Court's own motion, *Green v. Commonwealth of Massachusetts*, 108 F.R.D. 217, 218 (D.Mass.1985), to dismiss this case pursuant to Fed.R.Civ.P. 12(b)(1) as to certain counts, e.g. violation of divine law, and pursuant to Fed.R.Civ.P. 12(b)(6) as to the remainder.

Accordingly, judgment will enter for the defendants.