**Anny NEWMAN, Plaintiff,**

v.

**COMMONWEALTH OF MASSACHUSETTS, et al., Defendants.**

**Civ. A. No. 86–3379–Mc.**

United States District Court, D. Massachusetts.

April 21, 1987.

Daniel F. Featherston Jr., Susan S. Riedel, Boston, Mass., for plaintiff.

Lawrence T. Bench, First Associate Counsel, University of Massachusetts, Boston, Mass., for defendants.

MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This matter comes before the Court on defendants' motion to dismiss under Rule 8(a) of the Federal Rules of Civil Procedure, as applied to the Amended Complaint.

On November 20, 1986, plaintiff Anny Newman filed a complaint containing federal and state civil rights claims against the Commonwealth of Massachusetts—University of Massachusetts, Boston ("UMass, Boston") (Counts I and II) and state common law claims against one Diana Burgin (Counts III, IV and V). The complaint related to the levelling of plagiarism

charges against the plaintiff, a faculty member at UMass, Boston, and the handling of these charges by the UMass, Boston staff, resulting in censuring of the plaintiff.

On December 19, 1986, defendants Commonwealth (UMass, Boston) and Burgin moved pursuant to Rule 12(b)(1) and (2) to dismiss all counts of the complaint for lack of jurisdiction of either the subject matter or of the defendants. These defendants asserted that the claims against the Commonwealth were barred by the Eleventh Amendment and that there was no pendent jurisdiction to hear the claims against defendant Burgin, a resident of Massachusetts. In the alternative, these defendants moved that the complaint be stricken for failure to comply with Rules 8(a)(2) and 8(e)(1).

In response to defendants' motion, plaintiff, rather than opposing the Rule 12(b) arguments, attempted to remedy the Rule 12(b) concerns by a motion to amend the complaint. Plaintiff, however, opposed the motion insofar as it was based on Rule 8. The proposed amended complaint, according to plaintiff, would substitute for the defendant Commonwealth-UMass, Boston the individual officers who committed the actions and inactions alleged in the complaint and asked for injunctive relief against those defendants. The proposed Amendments to Complaint therefore replaced Counts I and II with Counts I, IA, II, and IIA. In addition, defendant Burgin was included as a defendant in these new counts, making her a defendant in the state and federal civil rights claims. The defendants Commonwealth (UMass, Boston) and Burgin opposed plaintiff's Motion to Amend Complaint on the grounds that the amendment would not cure the violations of Rule 8 and also that it would be futile because the complaint in the proposed amended form would still not make any claim upon which relief could be granted. Magistrate Alexander, however, granted plaintiff's Motion to Amend Complaint on January 27, 1987. It therefore seems that defendants are presently asserting only the Rule 8 aspect of their Motion to Dismiss or to Strike Complaint.

Rule 8(a) states: "A pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." Rule 8(e)(1), on which defendants also rely, requires: "Each averment of a pleading shall be simple, concise, and direct." The defendants Commonwealth (UMass, Boston) and Burgin, in their Brief in Support of Motion to Dismiss (Docket # 04), asserted that the original complaint in this case "fail[ed] utterly to meet these requirements." The complaint in its amended form is more than 21 pages long and has fourteen documentary exhibits attached (70 pages worth according to defendants). The defendants also maintained that "[t]he allegations are so lengthy and detailed as to render it impossible for the defendants to file any answer that would be intelligble [sic] or useful to the Court in understanding the positions of the parties." They also argued that defendant Burgin's actions are mentioned in only two paragraphs, yet are the basis of three of the five (now at least partly the basis of all five) counts of the complaint, so that the complaint fails to give adequate notice of the nature of the claims. In light of the disposition of this motion, this claim is not considered separately from defendants' general arguments. These same defendants, in their Opposition to Plaintiff's Motion to Amend Complaint (Docket # 11) asserted that the proposed amendment, since allowed by Magistrate Alexander, far from rectifying the violation of Rule 8, would simply add to the length of the complaint. They also stated that they "seek to be allowed to file short and plain answers admitting or denying the basic assertions of the plaintiff."

Plaintiffs cite a number of cases in support of their motion, including *McCoy v. Providence Journal Co.*, 190 F.2d 760 (1st Cir.), *cert. denied,* 342 U.S. 894, 72 S.Ct. 200, 96 L.Ed. 669 (1951), *Martin v. Hunt,* 29 F.R.D. 14 (D.Mass.1961), and *Weinfeld v. Buccaneer Broadcasting, Ltd.,* 86 F.R.D. 546 (D.Mass.1980). In *McCoy,* the

Court of Appeals for the First Circuit stated that the motion to strike of defendants there should have been granted, but treated the error as harmless at the late stage that the proceeding had reached. *McCoy, supra,* at 766. The Court of Appeals described the complaint in *McCoy* as follows:

> The complaint certainly is argumentative, prolix, redundant and verbose, and attached to it, labeled exhibits, are lengthy letters and affidavits containing evidentiary matter, including purported statements made by some of the defendants, and in the letters even legal arguments supported by citation of cases. It is hard to imagine a pleading more completely at variance with both the letter and spirit of Rule 8(e)(1) which requires that each averment of a pleading be "simple, concise and direct."

*Id.* The complaint in the present matter could also be described as argumentative, prolix, and verbose, although not redundant, and has numerous attached exhibits. In another case cited by defendants, Judge Caffrey of this Court dismissed the action for plaintiff's failure to comply with the provisions of Rule 8. *Martin v. Hunt,* 29 F.R.D. 14 (D.Mass.1961) (*"Martin II "*). In that case, Judge Caffrey had previously granted defendant Hunt's motion to strike the petition *in toto* and had granted the petitioner Martin "leave to file an amended complaint complying with the requirements of Rule 8 and setting forth a *short,* concise, and *plain* statement of his claim." *Martin v. Hunt,* 28 F.R.D. 35, 36 (D.Mass.1961) (*"Martin I "*). The complaint that was struck in *Martin I,* as pointed out by the plaintiff, consisted with exhibits of 47 legal size pages and contained extensive allegations about the conduct of Judge Wyzanski, as to whom the complaint had been dismissed, and allegations about certain other judges of the federal district court not named as respondents. *See Martin I, supra,* at 35. The plaintiff attempts to distinguish *Martin I* from the present matter, although plaintiff does not seem to notice that defendants have cited to *Martin II,* not *Martin I.* The present complaint, however, also contains a number of references to actions of numerous faculty members of UMass, Boston, although only a few of them are defendants herein. The *Martin I* complaint was also described by Judge Caffrey in that decision as follows: "A large portion ... consists of the setting forth in detail of matters of an evidentiary nature. The complaint is argumentative, redundant and verbose, and contains certain material which is both impertinent and scandalous." *Martin I, supra,* at 35–36. The complaint was also deemed "longer, more rambling, and more argumentative than" the *McCoy* complaint. *Id.* at 36. Even after amendment, the *Martin* complaint was still found by Judge Caffrey to be subject to many of the infirmities and deficiencies of the struck complaint. *See Martin II, supra,* at 15–16. The complaint in the present case is certainly long, argumentative, and if not rambling at least not concise and to the point. The defendants have made a strong case for dismissing the Amended Complaint here. *See also Weinfeld v. Buccaneer Broadcasting, Ltd., supra,* at 547 (complaint dismissable for non-compliance with Rule 8(a)). The defendants also cite to a number of cases from other circuits which I need not discuss in making my decision.

The plaintiff in opposition, while conceding that her complaint may fit defendants' description that it is "overlong and detailed," argues that her counsel "believed the detail was necessary and relevant in light of the complex nature of this civil rights action and the long procedural history of its facts." Plaintiff refers this Court to *Moore's Federal Practice* for the proposition that the pleading of evidence is allowed if it aids in the presentation of the case or is harmless. *See* 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13, at 8–69 (2d ed. 1986) (*Moore's* uses "will often be tolerated" rather than "is allowed"); *see also id.* at 8–81 ("The striking of a pleading as violative of [the] principles [of Rule 8] is within the sound discretion of the court; but as a general rule motions to strike are not favored and an entire pleading should be stricken only where there is a gross

violation of Rule 8."). The plaintiff also attempts, feebly as described above, to distinguish *Martin* from the present case, and refers the Court to decisions from other circuits and to cases cited in *Moore's*.

Plaintiff can, however, find some support in general language of the decision of Judge Tauro of this Court in *Kaufman v. Magid*, 539 F.Supp. 1088 (D.Mass.1982). In *Kaufman*, Judge Tauro stated:

> Rule 8(a) requires that pleadings be "short" and "plain", and Rule 8(e) requires each averment to be "simple, concise and direct." In applying Rule 8 on a motion to dismiss, the court must take account of the "nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." *City of Gainesville v. Florida Power and Light Company*, 488 F.Supp. 1258, 1263 (S.D. Fla.1980) (quoting C. Wright and A. Miller, 5 *Federal Practice and Procedure*, sec. 1217 at 127).

*Kaufman, supra*, at 1092. He concluded that "[w]hat verbosity and repetition appears in the complaint does not, standing alone, justify dismissal under Rule 8." *Id.* In that case, however, the judge made the following observations about the challenged complaint:

> The plaintiffs in this action are alleging the violation of numerous provisions in the federal securities laws, which are complex in their application. This makes "concise" pleading difficult. Further, the plaintiffs are alleging violations by four different defendants, each performing functions distinct in some measure from the rest. The allegations are asserted in an organized if not concise fashion. Each count asserts a separate violation by a single defendant.

*Id.*

Applying the considerations mentioned by Judge Tauro to the case before this Court, I note that this action is primarily a civil rights action, in which specificity in pleadings has been said to be needed, *see Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir.), *cert. denied*, 379 U.S. 867, 85 S.Ct. 137, 13 L.Ed.2d 70 (1964), (refers to "the many decisions emphasizing the need for specificity in pleadings under the Civil Rights Act (*Stiltner v. Rhay*, 322 F.2d 314, 316 n. 4 (9th Cir.1963))"). (*Agnew*, incidentally, was cited by defendants.) The plaintiff seeks complex relief in the form of damages and various injunctive actions made slightly more comprehensible when taken in conjunction with the detailed information given in the complaint. The information sought may be more available to the plaintiff, if anything. In addition, the complaint, although following a chronological sequence, is not organized in a way that makes it easy for the defendants to respond to allegations pertaining to them, or even to figure out which allegations pertain to which defendants, although they could probably do so with some effort. Counts I, IA, II, and IIA assert claims against all four individual defendants together.

In addition, " 'pragmatic matters' ", such as the time and expense for these defendants and this Court to decipher this overly detailed complaint and the even more detailed answer it would necessitate, as well as the authority of the First Circuit Court of Appeals in *McCoy*, indicate that this Amended Complaint should be dismissed. *McCoy* was a civil rights case, as is the present matter. Given the similarity in context, *McCoy*'s pointed language indicating that a complaint sounding very similar to the present one should have been struck dictates the outcome here. The complaint here is not "short and plain" or "simple concise, and, direct" and, after careful review, I conclude that the detail in the complaint is not necessary and that the pleading of evidence here makes the defendants' task in answering unnecessarily difficult, and is therefore not harmless. Since the paragraphs comprising the "Factual Background" section of the complaint most offend the dictates of Rule 8, and since those paragraphs are incorporated in each of the counts, the entire complaint is faulty.

The Amended Complaint must be dismissed in accordance with defendants' mo-

tion and plaintiff is given 30 days to file a more "simple, concise, and direct" and "short and plain" statement of her claims against the defendants herein.