**Thomas E. BLACK, et al., Plaintiffs**

v.

**UNUMPROVIDENT CORPORATION, Defendant**

No. 02–CV–176.

United States District Court,
D. Maine.

Feb. 5, 2003.

Jon Holder, Holder & Grover, Portland, ME, for Thomas E. Black, Carol Burchill, Walter F. Toomey, Jr., Barbara Johnson.

Patricia A. Peard, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Unumprovident Corporation.

## ORDER

SINGAL, Chief Judge.

Plaintiffs bring a class action complaint against their long-term disability insurance provider alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (1999). Presently before the Court are three motions filed by Defendant: 1) Defendant's Motion to Dismiss and/or Strike Amended Complaint (Docket # 5); 2) Defendant's Motion to Dismiss Count II (Docket # 6); and 3) Defendant's Motion to Sever Plaintiffs' Claims (Docket # 7). For the reasons discussed below, the Court DENIES Defendant's Motion to Dismiss Plaintiffs' Amended Complaint in its entirety (Docket # 5) but GRANTS Defendant's Motion to Dismiss Count II (Docket # 6). In addition, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Strike (Docket # 5). Finally, the Court GRANTS Defendant's Motion to Sever Plaintiffs' Claims under Count I (Docket # 7).

## I. BACKGROUND

Plaintiffs Thomas E. Black ("Black"), Carol Burchill ("Burchill"), Walter F. Toomey, Jr. ("Toomey"), and Barbara Johnson ("Johnson") (collectively, "Plaintiffs") were each insured under a group disability insurance policy issued by Defendant Unum-Provident Corporation ("Unum") to their respective employers. The facts pertaining to each Plaintiff are as follows. Black is a former employee of ATS Wood Recycling. At the time he became disabled, Black was insured under Unum Policy No. 106391, which guaranteed him sixty percent of his pre-disability income in case of disability. Unum initially paid Black's monthly benefits claim. Unum, however, eventually terminated these benefits once it concluded that Black was no longer disabled from his occupation, even if he was unable to perform his particular job.

Burchill was insured for both short-term and long-term disability insurance under Unum Policy No. 00500848–0001. After working for many years as an administrative assistant, Burchill was diagnosed with fibromyalgia. As a result, Burchill filed a claim for disability benefits. Upon reviewing Burchill's claim, Unum concluded that she was not disabled under the terms of the policy and denied her benefits.

Toomey was insured under Unum Policy No. 341343. In May 2000, Toomey developed a brain tumor that caused him to suffer from severe fatigue, pain and an inability to concentrate, even after the tumor was removed. As a result, Toomey filed a claim for disability benefits. Unum reviewed Toomey's claim but eventually denied his request for benefits.

Finally, Johnson was insured through her employment at Southern Maine Medical Center under Unum Policy No. 00503143–0100. At the time Johnson submitted her claim for disability benefits, she suffered from a disk disease in two areas of her spine. Unum initially accepted liability for Johnson's disability. Eventually, however, Unum terminated Johnson's benefits based on its conclusion that Johnson was no longer disabled.

Plaintiffs now bring a two count class action Complaint against Unum alleging violations of ERISA.[1] Count I alleges Unum wrongfully denied Plaintiffs' claims for benefits and requests relief pursuant to 29 U.S.C. § 1132(a)(1)(B).[2] Count II alleges Unum violated Plaintiffs' constitutional right to due process by failing to provide a full and fair review of their adverse benefits decisions and requests relief pursuant to 29 U.S.C. § 1133(2). In response, Unum moves to 1) dismiss and/or strike portions of the Plaintiffs' Complaint; 2) dismiss Count II of the Plaintiffs' Complaint; and 3) sever Plaintiffs' claims. The Court discusses each in turn.

## II. DISCUSSION

### A. Motion to Dismiss and/or Strike Amended Complaint

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading "shall

---

1. Initially, Black and Burchill filed a Complaint on August 19, 2002. On October 4, 2002, Plaintiffs filed an Amended Complaint asserting a class action and deleting the jury demand included in the original Complaint. The Court's discussion addresses the allegations contained in the class action Amended Complaint.

2. Although Plaintiffs do not specify the statutory basis for their claim under Count I, the Court assumes from the allegations contained in their Amended Complaint that their requested relief is pursuant to section 1132(a)(1)(B). The Court's assumption is supported by the fact that Plaintiffs do not contest Defendant's repeated characterization of their claim as one brought under this section.

contain ... a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rule 8(a)'s "short and plain statement" requirement. *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir.1993). Its decision to do so is reviewable only for abuse of discretion. *Id.* In addition, pursuant to Rule 12(f), a court has considerable discretion to strike from any pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f); *Alvarado–Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir.1988).

■ Defendant argues Plaintiffs' Complaint is riddled with "speculation, inappropriate rhetorical flourishes, condemnations ..., diatribes and philosophical musings, and legal argument" in violation of the Federal Rules of Civil Procedure. By not articulating their claims in a plain and concise manner, Defendant argues Plaintiffs have imposed an unnecessary burden on the Court, and on the Defendant. Accordingly, Defendant requests that the Court dismiss Plaintiffs' Complaint in its entirety pursuant to Rules 8(a)(2) and 12(f) and require Plaintiffs to file an appropriate Complaint. In the alternative, Defendant requests that the Court strike certain portions of Plaintiffs' Complaint that are "clearly violative" of Rules 8(a)(2) and 12(f).[3]

■ While a court may dismiss a pleading that does not comply with the notice pleading requirements of Rule 8, the exercise of this power is generally reserved for a pleading that is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995) (internal quotations and citations omitted). Here, albeit prolix and argumentative in some respects, Plaintiffs' Complaint sets forth sufficient facts to inform Defendant of the allegations against it and is not so unintelligible as to prevent a response. Accordingly, the Court declines to dismiss the Plaintiffs' Complaint in its entirety.[4]

Notwithstanding the above, the Court agrees with Defendant that certain portions of the Complaint, namely paragraphs four through nine and footnotes one and two, should be stricken. The material contained in paragraphs four through nine is redundant in that it provides only an unnecessary summary of the allegations contained in Counts I and II. In addition, footnotes one and two contain legal argument inappropriate for inclusion in a complaint. *See Barrett v. City of Allentown*,

---

**3.** In its Reply memorandum (Docket # 14), Defendant additionally requests that the Court disregard and strike Exhibits 1 and 2, which are attached to Plaintiffs' Objection to Defendant's Motion (Docket # 12). Defendant argues Exhibit 1, a "Dateline NBC" transcript, is inadmissible hearsay, and that Exhibit 2, the deposition transcript of Patrick Fergal McSharry ("Dr.McSharry"), is not evidence in this case. The Court agrees that the "Dateline NBC" transcript constitutes inadmissible hearsay, and, thus, grants Defendant's request to strike. The Court, however, denies Defendant's request to strike Dr. McSharry's deposition transcript as it lends support to Plaintiffs' claim for wrongful termination of benefits under Count I of their Complaint.

**4.** The cases relied on by Defendant are far more egregious than the instant case. For example, in *Green v. Massachusetts*, 108 F.R.D. 217 (D.Mass.1985), the complaint failed to allege even the basic elements necessary to support a cause of action. *Id.*, at 218. In *Newman v. Massachusetts*, 115 F.R.D. 341 (D.Mass.1987), the lack of organization in the complaint made it arduous for the defendants to respond to the plaintiff's allegations because it was difficult to even figure out which allegations pertained to which defendants. *Id.*, at 344.

152 F.R.D. 50, 53 (E.D.Pa.1993) (striking portion of plaintiffs' complaint containing legal argument in support of their claims as violating Rule 8's "short and plain statement" requirement). Accordingly, the Court grants Defendant's motion to strike paragraphs four through nine and footnotes one and two from the Plaintiffs' Complaint.[5]

## B. Motion to Dismiss Count II

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all of a plaintiff's well-pleaded factual averments and "draw all inferences reasonably extractable from the pleaded facts in the manner most congenial to the plaintiff's theory." *Roth v. United States,* 952 F.2d 611, 613 (1st Cir.1991). The Court may grant a motion to dismiss only if it clearly appears that, on the facts alleged, the plaintiff cannot recover on any viable theory. Fed.R.Civ.P. 12(b)(6); *Gonzalez–Morales v. Hernandez–Arencibia,* 221 F.3d 45, 48 (1st Cir.2000).

In Count II of Plaintiffs' Complaint, Plaintiffs allege that Defendant violated their constitutional right to due process by failing to provide a "full and fair review" of their adverse benefits decisions as mandated by 29 U.S.C. § 1133(2).[6] Rather, Defendant "retained complete control over the review process even though it had a substantial financial interest in the outcome." (*See* Am. Compl. at ¶ 57 (Docket #2).) As such, Plaintiffs requests: 1) that the Court "certify a class for injunctive and declaratory relief under Fed.R.Civ.P. 23(b)(2) composed of all people who ... have had their disability claim denied, but who have not been afforded the opportunity for a 'full and fair' review in accordance with the authority and mandate of 29 U.S.C. § 1133(2)"; (*See id.,* at 25–26).) 2) that the Court order Defendant to "afford all insured class members ... the opportunity for a true 'full and fair' review of the denial of their claims"; (*See id.,* at 26).) and 3) that the Court order Defendant to "provide the opportunity for independent review to all future claimants whose claims are initially denied by the Defendant." (*See id.,* at 26).) In response, Defendant argues that the Court should dismiss Count II with prejudice because Plaintiffs fail to state a claim upon which relief can be granted.

Due process requires that there not be a financial conflict of interest between any person exercising adjudicatory authority under the law and the person who is the subject of that authority. *See Aetna Life Ins. Co. v. Lavoie,* 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986); *Gibson v. Berryhill,* 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973); *Ward v. Monroeville,* 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972); *Tumey v. Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927). In ERISA cases, however, the administrator's status as the source of funding does not create a conflict of interest so serious as to preclude the administrator from acting as the reviewing authority. *See Doyle v. Paul Revere Life Ins. Co.,* 144 F.3d 181, 184 (1st

---

**5.** Defendant also requests that the Court strike certain paragraphs contained in Count II of Plaintiffs' Complaint, namely paragraphs 51–53, 56, 57, 59 and 61–69. The Court, however, does not address Defendant's request to strike these paragraphs at this juncture because the Defendant has filed a Motion to Dismiss Count II in its entirety, which the Court discusses below.

**6.** Section 1133(2) provides in pertinent part that "every employee benefit plan shall afford a reasonable opportunity to any participant whose claims for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2).

Cir.1998). Although undertaking a role as both administrator of claims and the payer of benefits creates a conflict of sorts, the "market presents competing incentives to the insurer that substantially minimize the apparent conflict." *Pari–Fasano v. ITT Hartford Life & Accident Ins. Co.*, 230 F.3d 415, 418 (1st Cir.2000).

Here, Plaintiffs presuppose that Defendant employed improper methods in denying their claims for the sake of saving money. Plaintiffs argue that Defendant cannot make benefit determinations given that Defendant also pays the benefits upon its approval of the claim. The mere showing that Defendant decides which claims it will pay, however, is not enough to prove a conflict of interest sufficient to render Defendant's review procedures unconstitutional.

Moreover, Plaintiffs fail to show that Defendant's process of reviewing administrative appeals under section 1133(2) is subject to constitutional scrutiny. Generally, the Constitution's procedural due process safeguards are triggered only by conduct that constitutes state action. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 196, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). Conduct of a private entity amounts to state action when it acts in a judicial or quasi-judicial capacity pursuant to a legislative delegation of authority. *See Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 617, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993). Here, however, ERISA does not delegate any adjudicative functions to an otherwise private party. Namely, ERISA does not mandate that a particular entity perform any specific task or create presumptions with regard to any entity's determination. *See* 29 C.F.R. 2560.503–1(h), (i). Rather, ERISA merely establishes "minimum standards" on those performing reviews of initial adverse benefit determinations. *See Brown v. Ret. Comm. of Briggs & Stratton Ret. Plan*, 797 F.2d 521, 527–528 (7th Cir.1986) (internal citations omitted). Absent the requisite legislative delegation of adjudicative authority, Defendant's conduct remains that of a private, rather than state, actor. *See id.; see also Grossmuller v. Int'l Union, U.A.W.*, 511 F.Supp. 709, 711 (E.D.Pa. 1981) (rejecting ERISA plaintiff's allegation of state action as "frivolous"). Accordingly, the Court rejects Plaintiffs' constitutional argument and finds Defendant is entitled to judgment on its Motion to Dismiss Count II.

## C. Motion to Sever Plaintiffs' Claims

The Federal Rules of Civil Procedure provide for the permissive joinder of parties where "they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed.R.Civ.P. 20(a). When joinder is improper, a court may sever the claims. Fed.R.Civ.P. 21.

Defendant argues that Plaintiffs should not be joined because their claims for relief do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Specifically, Defendant argues all four Plaintiffs were covered under different disability insurance policies, diagnosed with different illnesses or injuries, employed by different companies and denied disability benefits for different reasons. In response, Plaintiffs argue joinder is proper in this case because there is a common question of law as to whether Defendant can review initial adverse benefit determinations pursuant to section 1133(2). Furthermore, Plaintiffs argue joinder is proper because there is a

common request for relief pursuant to section 1132(a)(1)(B).

Based on the fact that the Court has now dismissed Count II of Plaintiffs' Complaint, Plaintiffs' argument with regard to section 1133(2) is now moot. Additionally, Plaintiffs' argument with regard to section 1132(a)(1)(B) is incorrect. In circumstances where the factual scenario of each claim is different, courts have found joinder inappropriate. *See Abdullah v. Acands, Inc.*, 30 F.3d 264, 269 (1st Cir. 1994). Here, whether any or all of the Plaintiffs are entitled to relief under section 1132(a)(1)(B) is a fact specific inquiry particular to each individual case. Each case is factually different and distinct, and relief for each Plaintiff depends on those wholly different factual scenarios. Although Plaintiffs may allege, in general, a right to benefits under the same section of ERISA, each claim for benefits involves different people, diagnoses, doctors, treatments and claim files. Therefore, the Court finds that joinder under Rule 20 of the Federal Rules of Civil Procedure is inappropriate in this case and severs Plaintiffs' claims under Count I. The Court orders Plaintiffs to submit appropriate and independent complaints seeking individual relief.

## III. CONCLUSION

For the reasons discussed above, the Court DENIES Defendant's Motion to Dismiss Plaintiffs' Amended Complaint in its entirety (Docket # 5) but GRANTS Defendant's Motion to Dismiss Count II (Docket # 6). In addition, the Court GRANTS Defendant's Motion to Strike (Docket # 5) as to paragraphs four through nine and footnotes one and two of Count I. Finally, the Court GRANTS Defendant's Motion to Sever Plaintiffs' Claims under Count I (Docket # 7). The Court ORDERS Plaintiffs to file independent complaints seeking individual relief against Defendant within fourteen days from the issuance of this Order. For purposes of the statute of limitations, each claim will relate back to the date of the original Complaint.

SO ORDERED.